UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>               Plaintiff, )<br>vs. )<br>ROBERT DEVELL KINCADE, )<br>               Defendant. ) | Case No. 2:15-cr-00071-JAD-GWF<br><br>**ORDER** |

This matter is before the Court on the Government's Sealed Motion to Disqualify Defense Counsel Due to Conflict (ECF No. 94), filed on June 29, 2016. Defendant filed his Sealed Opposition (ECF No. 113) on August 5, 2016, and the Government filed its Sealed Reply (ECF No. 114) on August 11, 2016. The Court conducted a hearing in this matter on August 23, 2016. During the hearing, the Court held that Defendant's counsel Kathleen Bliss, Esq., should be disqualified from representing Defendant Kincade in regard to the charge in Count One of the Superceding Indictment (ECF No. 90), filed on June 29, 2016. The Court reserved ruling on whether Ms. Bliss should be disqualified from representing Defendant on the other counts in the superceding indictment pending the filing of a motion to sever trial of count one from the other counts in the indictment.

**BACKGROUND**

The original indictment filed in this case on March 11, 2015 charged Defendants Robert Devell Kincade and Jose Roglio Florez with committing an armed bank robbery and with brandishing a firearm during a crime of violence on November 14, 2014. *Indictment (ECF No. 10)*. A first superceding indictment was filed on July 22, 2015 which added additional counts of armed bank robbery and brandishing a firearm during a crime of violence with respect to a November 25, 2014

robbery.  *Superceding Indictment (ECF No. 35)*.  A CJA panel attorney was appointed to represent Defendant Kincade on April 10, 2015.  *Minutes of Proceedings (ECF No. 18)*.  Defendant Kincade subsequently moved for the appointment of new counsel.  His motion was granted and another CJA panel attorney was appointed on July 22, 2015 to represent him.  *Minutes of Proceedings (ECF Nos. 32, 34)*.  On September 1, 2015, attorney Kathleen Bliss filed a Designation of Retained Counsel and Appearance Praecipe (ECF No. 45) to represent Defendant Kincade.  On October 5, 2015, the Court granted Defendant Kincade's motion to substitute Ms. Bliss in as his counsel.  *Order (ECF No. 50)*.  Ms. Bliss has represented Defendant Kincade since that time.

On June 29, 2016, the Government filed a second superceding indictment.  *Superceding Indictment (ECF No. 90)*.  This indictment adds a charge against Defendant Kincade for a robbery he allegedly committed on September 12, 2011.  Co-Defendant Florez is not charged with that robbery.  This robbery charge provides the basis of the Government's motion to disqualify Ms. Bliss.[1]  In 2010-2012, Ms. Bliss was an Assistant United States Attorney in the District of Nevada.  In that capacity, she performed official duties relating to Defendant Kincade's previous 2007 criminal conviction in the District of Nevada.  In September 2011, Defendant Kincade was accused of committing the September 12, 2011 robbery.  Ms. Bliss requested that the matter be assigned to her for purposes of prosecuting a petition for violation of conditions of supervised release against Mr. Kincade, and possibly filing a criminal complaint against him for the robbery.  A petition for violation of supervised release was filed against Defendant Kincade in October 2011, and Ms. Bliss represented the Government on that petition.  Ms. Bliss informed the District Court in May and June 2012, that the Government had determined that Defendant Kincade did not commit the robbery.  The petition was amended to eliminate the alleged robbery as a violation of Defendant's supervised release.  Defendant Kincade was instead charged with violating his supervised release by committing malicious destruction of property and domestic battery.  No direct criminal charges relating to the September 12, 2011 robbery were filed at that time.  Ms. Bliss subsequently left the United States Attorney's Office and went into private law practice.  She was not

---

[1] The Government represents that it notified Ms. Bliss on June 15, 2016 of its intent to file a superceding indictment to add the 2011 bank robbery charge and of its concern that Ms. Bliss had a conflict of interest relating to that charge.  Ms. Bliss responded that she did not intend to withdraw as Defendant Kincade's counsel.

employed by the Government at the time of the alleged robberies in November 2014.

## DISCUSSION

The Government argues that Ms. Bliss should be disqualified from representing Defendant Kincade pursuant to Rules 1.11(a), 1.11(c), and 1.7(a)(2) of the Nevada Rules of Professional Conduct which are made applicable to attorneys practicing in this district court pursuant to Local Rule (LR) IA 11-7(a). Rule 1.11(a)(2) states that "a lawyer who has formerly served as a public officer or employee of the government . . . [s]hall not otherwise represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation."

Rule 1.11(c) states that "a lawyer having information that the lawyer knows is confidential government information about a person acquired when the lawyer was a public officer or employee, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person." The rule states that "'confidential government information' means information that has been obtained under government authority and which, at the time this Rule is applied, the government is prohibited by law from disclosing to the public or has a legal privilege not to disclose and which is not otherwise available to the public."

Rule 1.7(a)(2) states that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if . . . [t]here is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."

In its motion, the Government discusses Comment [10] to Rule 1.11(a), and ethics opinions which interpret what constitutes the "same matter" for purposes of the rule. Defendant does not dispute these interpretations. It is clear from exhibits attached to Defendant's opposition and the Government's reply briefs that the charge in count one of the second superceding indictment and Ms. Bliss's representation of the United States with respect to the petition for violation of supervised release against Defendant Kincade, and discussions between her and law enforcement agents about filing of a criminal complaint, involve the same matter. It is also clear that Ms. Bliss was personally and substantially

involved in prosecuting and subsequently dismissing the petition for violation of the supervised release, and in the decision, at that time, not to proceed with direct criminal charges against Defendant Kincade. Rule 1.11(a) does not require a finding that the attorney had actual access to confidential information during the time she was employed by the Government.  A finding that the attorney had substantial involvement with the investigation gives rise to a presumption that the attorney received confidential information.  *United States v. Smith*, 995 F.2d 662, 675–76 (7th Cir. 1993).  The passage of time or the attorney's representations that he or she does not recall any confidential information does not relieve the attorney from disqualification.  *Kronberg v. LaRouche*, 2010 WL 1443934, *2 (E.D. Val. April 9, 2010) (applying Rule 1.11(c)).

      Ms. Bliss conceded at the hearing that she should probably be disqualified from representing Mr. Kincade with respect to September 12, 2011 robbery charge.  Defendant Kincade and Ms. Bliss, however, oppose her disqualification with respect to the November 14 and 25, 2015 robbery charges. These were the only charges pending against Defendant Kincade at the time he retained Ms. Bliss, and she was no longer employed by the Government when those alleged robberies occurred.  Defendant argues that there is no nexus between the 2014 robberies and the 2011 robbery other than the allegation that Defendant Kincade committed them.  Instead of disqualifying Ms. Bliss with respect to the 2014 robbery charges, Defendant argues that the trial of September 2011 robbery charge should be severed from the trial of the November 2014 robbery charges.  The Government opposes severance until and unless the issue of severance is fully briefed and resolved.

      In *United States v. Turner*, 594 F.3d 946, 952 (7th Cir. 2010), the court, quoting *Wheat v. United States*, 486 U.S. 153, 162, 108 S.Ct. 1692 (1988), stated that disqualification is warranted where the court "'finds an actual conflict of interest that seriously undermines counsel's effectiveness.'"  The court stated, however, that "the Supreme Court has said that only a *serious* potential conflict will justify overriding the defendant's choice of counsel. (Citation omitted.)  This requires an inquiry into the likelihood that the potential conflict will mature into an actual conflict and the degree to which it threatens the right to effective assistance of counsel.  Accordingly, before disqualifying counsel based on a *potential* conflict, the district court should evaluate (1) the likelihood that the conflict will actually occur; (2) the severity of the threat to counsel's effectiveness; and (3) whether there are alternative

measures available other than disqualification that would protect the defendant's right to effective counsel while respecting his choice of counsel." It is doubtful that any confidential information that Ms. Bliss acquired during the September 12, 2011 robbery investigation will give Defendant Kincade an advantage in defending against the November 2014 robbery charges, or will render Ms. Bliss unable to provide effective representation of Defendant due to her obligation of confidentiality with respect to information she may have acquired as the prosecutor during the September 2011 robbery investigation. Any potential conflict of interest can potentially be resolved by severing trial of the September 2011 robbery charge from the November 2014 robbery charges.

Because Ms. Bliss must be disqualified from representing Defendant Kincade with respect to the September 2011 robbery, new counsel should be appointed at this time to represent him on that charge. If Ms. Bliss is hereafter disqualified from representing Defendant on the remaining charges in the indictment, then that same counsel can be appointed to represent Defendant on those charges as well. Accordingly,

**IT IS HEREBY ORDERED** that on the Government's Sealed Motion to Disqualify Defense Counsel Due to Conflict (ECF No. 94) is **partially granted** as follows:

1. Pursuant to Rule 1.11(a) of the Nevada Rules of Professional Conduct, Kathleen Bliss, Esq. is disqualified from representing Defendant Kincade with respect to the charge in count one of the Superceding Indictment (ECF No. 90) regarding the September 12, 2011 robbery. New counsel will be appointed to represent Defendant Kincade on that charge.

2. The Court reserves its decision on whether Ms. Bliss should be disqualified from representing Defendant Kincade in regard to the other robberies charged in Superceding Indictment (ECF No. 90) pending the filing of and decision on a motion to sever trial of the charge in count one of that indictment.

DATED this 1st day of September, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge