1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )     Case No. 2:15-cr-00071-JAD-GWF |
| | ) |
| vs. | )     **ORDER** |
| | ) |
| ROBERT KINCADE, et. al., | ) |
| | ) |
| Defendants. | ) |
| ——————————————————— | ) |

This matter is before the Court on Defendant Robert Kincade's Motion to Sever (ECF No. 118), filed on September 7, 2016.  The Government filed its Response (ECF No. 124) on September 26, 2016 and Defendant filed his Reply (ECF No. 124) on October 3, 2016.  Also before the Court is Government's Motion to Disqualify Defense Counsel Due to Conflict (ECF Nos. 94, 95).  The Court conducted a hearing in this matter on October 14, 2016.

## **BACKGROUND**

Defendant Robert Devell Kincade and Co-Defendant Jose Roglio Florez were originally charged in an indictment filed on March 11, 2015 with the commission of an armed bank robbery of the IBEW Credit Union on November 14, 2014 and with brandishing a firearm during a crime of violence. *Indictment (ECF No. 10).*  Defendant Kincade made his initial court appearance on the indictment on April 10, 2015 at which time CJA attorney Osvaldo Fumo was appointed to represent him. *Minutes of Proceedings (ECF No. 18)*; *Order Appointing Counsel (ECF No. 20).*  On July 10, 2015, Defendant Kincade filed a motion for the appointment of new counsel which the Court granted on July 21, 2015. CJA attorney Jennifer Waldo was appointed as Defendant's new counsel. *Minutes of Proceedings (ECF Nos. 32, 34); Order (ECF No. 39).*  On July 22, 2015, the Government filed a superceding

1   indictment which added charges against Defendants Kincade and Florez for the armed robbery of a

2   Wells Fargo Bank in Reno, Nevada on November 25, 2014 and with brandishing a firearm during that

3   robbery. *Superceding Indictment (ECF No. 35)*.

4        On September 1, 2015, attorney Kathleen Bliss filed a designation of retained counsel and

5   appearance praecipe stating that she had been retained by Defendant Kincade. The Court ordered

6   Defendant Kincade to file a substitution of attorneys if he wished to replace his appointed counsel,

7   Jennifer Waldo, with Ms. Bliss as retained counsel. *Minutes of Proceedings (ECF No. 47)*. Defendant

8   Kincade filed the motion to substitute Ms. Bliss as his counsel and the Court granted the substitution on

9   October 5, 2015. *Motion to Substitute Counsel (ECF No. 48); Order (ECF No. 50)*. On March 7, 2016,

10  Ms. Bliss filed a motion requesting that she be converted to CJA counsel. Ms. Bliss stated that at the

11  time she was retained by Defendant Kincade, his mother paid a retainer for her services. The retainer

12  had been exhausted and Defendant's mother was no longer able to pay Defendant's legal expenses. *Ex*

13  *Parte Motion for Conversion to CJA Appointment (ECF No. 80)*. The Court granted the motion to

14  appoint Ms. Bliss as Defendant Kincade's CJA counsel on March 8, 2016. *Order (ECF No. 81)*.

15       On June 29, 2016, the Government filed a second superceding indictment which added a charge

16  against Defendant Kincade for the robbery of City National Bank in Las Vegas, Nevada on September

17  12, 2011. *Second Superceding Indictment (ECF No. 90)*. Prior to filing this indictment, the

18  Government's counsel advised Ms. Bliss by email that the Government intended to add the September

19  12, 2011 robbery as a charge in this case. Government's counsel stated that this new charge presented a

20  conflict of interest for Ms. Bliss in representing Defendant Kincade based on her previous employment

21  as an Assistant United States Attorney. As previously discussed in Order (ECF No. 116), Ms. Bliss was

22  an Assistant United States Attorney in the District of Nevada in 2010-2012. In that capacity, she

23  performed official duties relating to Defendant Kincade's 2007 criminal conviction. In September

24  2011, Defendant Kincade was accused of committing the September 12, 2011 robbery. Ms. Bliss

25  requested that the matter be assigned to her for purposes of prosecuting a petition for violation of

26  conditions of supervised release against Mr. Kincade, and possibly filing a criminal complaint based on

27  the alleged robbery. A petition for violation of supervised release was filed against Defendant Kincade

28  in October 2011, and Ms. Bliss represented the Government on that petition. In May and June 2012,

1    however, Ms. Bliss advised the Court that the Government had determined that Defendant Kincade did

2    not commit the robbery.  The petition was amended to eliminate the alleged  robbery and Defendant

3    Kincade was instead charged with malicious destruction of property and domestic battery.  Ms. Bliss

4    subsequently left the United States Attorney's Office and went into private law practice.  She was not

5    employed by the Government at the time of the alleged robberies in November 2014.

6          Ms. Bliss rejected the Government's demand that she withdraw as Defendant Kincade's counsel

7    and the Government filed a motion to disqualify her on June 29, 2016.  *Sealed Motion to Disqualify*

8    *(ECF Nos. 94, 95)*.  Ms. Bliss conceded at the August 23, 2016 hearing on the motion to disqualify that

9    she should probably be disqualified from representing Mr. Kincade with respect to September 12, 2011

10   robbery charge.  Defendant Kincade and Ms. Bliss, however, oppose her disqualification with respect to

11   the November 14 and 25, 2015 robbery charges.  Ms. Bliss argued instead that the September 2011

12   robbery charge should be severed from the trial of the November 2014 robbery charges.  On September

13   1, 2016, the Court filed its order disqualifying Ms. Bliss from representing Defendant Kincade on the

14   September 12, 2011 robbery charge.  The Court reserved its decision on whether Ms. Bliss should be

15   disqualified from representing Defendant Kincade on the other robbery charges pending the filing of

16   and decision on a motion to sever.  *Order (ECF No. 116), pg. 5*.  On September 19, 2016, the Court

17   appointed attorney Todd Leventhal to represent Mr. Kincade on the September 12, 2011 robbery

18   charge.  *Order (ECF No. 121)*.

19         On October 5, 2016, the Government filed a third superceding indictment which amended the

20   November 14, 2014 armed bank robbery charge under 18 U.S.C. § 2113(a) and (d) to a charge of

21   interference with commerce by robbery under 18 U.S.C. §1951.  *Third Superceding Indictment (ECF*

22   *No. 135)*.

23                                        **DISCUSSION**

24         Defendant Kincade moves for severance of the September 12, 2011 robbery charge from trial of

25   the November 14 and 25, 2015 robbery charges on the grounds that these offenses are improperly

26   joined under Rule 8 of the Federal Rules of Criminal Procedure.  Alternatively, Defendant moves for

27   severance pursuant to Rule 14 on the grounds that he will suffer unfair prejudice from the joinder of the

28   alleged offenses—the prejudice being that Ms. Bliss will likely be disqualified from representing him

1    on the November 2014 robbery charges.

2         **1.**    **Joinder Under Rule 8(a).**

3         Rule 8(a) of the Federal Rules of Criminal Procedure states that the indictment "may charge a

4    defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or

5    similar character, or are based on the same act or transaction, or are connected with or constitute parts

6    of a common scheme or plan." The rule thus provides three different bases for joinder. *United States v.*

7    *Jawara*, 474 F.3d 565, 572 (9th Cir. 2007). Joinder is generally favored because joint trials conserve

8    government funds, minimize inconvenience to witnesses and public authorities, and avoid delays in

9    bringing a defendant to trial. *United States v. Lane*, 474 U.S. 438, 449, 106 S.Ct. 725, 732 (1986). *See*

10    *also United States v. Walton*, 2013 WL 6409875, *4 (D.Nev. Dec. 6, 2013). Because Rule 14 is

11    available as a remedy for prejudice that may develop during trial, Rule 8 is broadly construed in favor

12    of initial joinder. Rule 14, however, should not be viewed as a backstop or substitute for the initial

13    analysis required under Rule 8. *Jawara*, 474 F.3d at 573. The validity of joinder is determined solely

14    by the allegations in the indictment. *Id.,* citing *United States v. Terry*, 911 F.2d 272, 276 (9th Cir.

15    1990) and *United States v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995). The court stated that although

16    it has on occasion referred to matters outside of the indictment, the established rule in the Ninth Circuit

17    is that a valid basis for joinder should be discernible from the face of the indictment. *Id.,* 474 F.3d at

18    572–73.

19         It is clear that the September 12, 2011 robbery and the November 2014 robberies do not arise

20    from the same act or transaction. Whether these robberies are connected with or constitute parts of a

21    common scheme or plans depends on whether the counts or offenses "'grow out of related

22    transactions.'" *Jawara*, 474 F.3d at 574, quoting *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir.

23    1996). "Stated another way, we ask whether '[c]ommission of one of the offenses [ ] either depended

24    upon [ ] or necessarily led to the commission of the other.'" *Id.*, quoting *United States v. Halper*, 590

25    F.2d 422, 429 (2nd Cir. 1978). The court also quoted *United States v. Anderson*, 642 F.2d 281, 284

26    (9th Cir. 1981) which stated that "'[w]hen the joined counts are logically related, and there is a large

27    area of overlapping proof, joinder is appropriate.'" *Id.*

28         Nothing in the third superceding indictment or its predecessors suggests that the September 12,

1    2011 robbery is connected to or constitutes part of a common scheme or plan involving the November

2    14 or 25, 2014 robberies.  The November 2014 robberies occurred in close temporal proximity to one

3    another and both Defendants allegedly committed those robberies.  The September 12, 2011 robbery,

4    however, occurred three years earlier and there is no allegation that Defendant Florez was involved in

5    that robbery.  The Court cannot discern any common scheme or plan between the September 12, 2011

6    robbery and the November 2014 robberies.  Moreover, the Government does not argue that the

7    September 12, 2011 robbery is properly joined under the common scheme or plan prong of Rule 8(a).  It

8    argues, instead, that "joinder is proper . . . because the 2011 and 2014 charges in the Superceding

9    Indictment (Doc. #90) against the defendant are all of the same or similar character."  *Response (ECF*

10   *No. 124), pg. 2:3–5.*

11          In *Jawara,* the court stated that "[t]he 'same or similar character' prong of Rule 8(a) is the most

12   amorphous and controversial of the three grounds for joinder.  Numerous courts and commentators

13   have questioned the fairness and logic of such a rule."  *Id.*, 474 F.3d at 575.  After discussing the

14   criticisms of this prong, the court noted that it has upheld initial joinder on the basis of similar character

15   in a handful of decisions.  *Id.*, at 575–576, citing *United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir.

16   2001) (joinder of two counts of felon in possession of a firearm); *United States v. Fiorillo*, 186 F.3d

17   1136, 1145 (9th Cir. 1999) (per curiam) (joinder of charges relating to wire fraud, improper hazardous

18   waste practices, and improper receipt of explosives); *United States v. Kaplan*, 895 F.2d 618, 621 (9th

19   Cir. 1990) (joinder of counts relating to physician-defendant's controlled substance prescription

20   practices and filing of false insurance claims); *United States v. Bronco*, 597 F.2d 1300, 1301 (9th Cir.

21   1979) (joinder of counts of conspiracy to sell counterfeit money, possession of counterfeit money, and

22   passing counterfeit money); and *Edwards v. Squier*, 178 F.2d 758, 759 (9th Cir. 1949) (joinder of

23   counts relating to transport of a stolen vehicle and transport of stolen securities that occurred on the

24   same day).  The court stated that "[a]side from the general observation that 'similar' character does not

25   mean 'same' (citation omitted), we have offered little guidance in application of this test."  *Id.,* at 576.[1]

26

27          [1] The Government referred to *United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir. 2001)  in its oral
     argument at the hearing on this motion.  The defendant in *Rousseau* was charged with two counts of felon in
28   possession of a firearm.  The offenses occurred approximately eight months apart.  In upholding the joinder of

1    The court proceeded to provide greater guidance in applying the same or similar character

2    prong.  The court began by noting the different approaches adopted by other circuits in applying this

3    prong.  At one end of the spectrum "the Seventh Circuit has adopted a 'literal' or 'categorical' approach

4    that pays almost exclusive attention to likeness of the 'class' or 'category' of the offenses."  *Id.,* at 576,

5    citing *United States v. Coleman*, 22 F.3d 126, 133–34 (7th Cir. 1994).  Under this approach, "'if

6    offenses are of like class, although not connected temporally or evidentially, the requisites of proper

7    joinder should be satisfied so far as Rule 8(a) is concerned.'" *Id.*, 474 F.3d at 577, quoting *Coleman*, 22

8    F.3d at 133.  The Seventh Circuit stated that "'examination of the nature of the evidence and ties

9    between the acts underlying the offenses' is best left to Rule 14 severance decisions—with the extra

10   caution that district courts should be 'especially watchful for possible . . .  sources of prejudice' in cases

11   of 'same or similar character' joinder." *Id.*, 474 F.3d at 577.  *Jawara* noted that at the other end of the

12   spectrum "the First Circuit utilizes what could be characterized as a broader, more holistic approach

13   that looks to a variety of factors, including temporal proximity and potential for evidentiary overlap."

14   *Id.,* at 576, citing *United States v. Edgar*, 82 F.3d 499, 503 (1st Cir.1996) and *United States v. Natanel*,

15   938 F.2d 302, 306 (1st Cir.1991).

16       After critiquing the categorical approach, the court stated that its previous analysis in *United*

17   *States v. Terry*, 911 F.2d 272 (9th Cir. 1990) "more closely corresponds to the First Circuit's

18   comprehensive review and its 'consider[ation] [of] such factors as whether the charges are laid upon the

19   same statute, whether they involve similar victims, locations or modes of operation, and the time frame

20   in which the charged conduct occurred.'" *Jawara*, 474 F.3d at 578.  The court then formulated the

21   following test:

22       We consider it appropriate to consider factors such as the elements of the
         statutory offenses, the temporal proximity of the acts, the likelihood and
23       extent of evidentiary overlap, the physical location of the acts, the modus
         operandi of the crimes, and the identity of the victims in assessing
24       whether an indictment meets the "same or similar character" prong of

25

26   these counts under Rule 8(a), the court stated:  "Clearly these two offenses were of the same or similar character
     and therefore were properly joined."  *Id.*  The court also found that defendant was not actually prejudiced by the
27   joinder of these counts.  *Id.*  The court in *Jawara* did not state that *Rousseau* or the other cited decisions were
     wrongly decided.  Given the court's analysis as to how the "same or similar character" prong should be applied,
28   however, *Rousseau* does not have strong precedential value.

6

Rule 8(a).  The weight given to a particular factor will depend on the specific context of the case and the allegations in the indictment.  But the bottom line is that the similar character of the joined offenses should be ascertainable—either readily apparent or reasonably inferred—from the face of the indictment.  Courts should not have to engage in inferential gymnastics or resort to implausible levels of abstraction to divine similarity.  Thus, where the government seeks joinder of counts on the basis of "same or similar character," it crafts a barebones indictment at its own risk.

*Jawara*, 474 F.3d at 578.

The third superceding indictment in this case, like its predecessors, is essentially a barebones indictment that alleges the dates of the alleged robberies, the identities of the alleged perpetrators, the amounts of money taken and the identities of the victim tellers as indicated by their initials.  Nothing in the indictment explicitly draws a connection between the September 2011 robbery and the November 2014 robberies, other than that Defendant Kincade is alleged to have participated in all three.  The factors that support joinder of the September 2011 robbery with the November 2014 robberies are the substantial similarity of the elements of the statutory offenses, and the basic similarity in the nature of the alleged crimes.  The September 12, 2011 and November 2014 robberies are similar in that they all involve alleged robberies of financial institutions in which force and violence, or the threat of force and violence, was used to take funds from the victim tellers.

Although not identical, the statutory elements of the charged offenses are substantially similar.  Count One charges Defendant Kincade with bank robbery in violation of 18 U.S.C. § 2113(a) with respect to the September 12, 2011 bank robbery.  Count Four charges Defendants Kincade and Florez with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) with respect to the November 25, 2014 bank robbery.  The only difference between the elements of these offenses is that Defendants Kincade and Florez are charged with the use of a deadly weapon, a firearm, in the November 25, 2014 robbery.  Count Two now charges Defendants Kincade and Florez with interference with commerce by robbery pursuant to 18 U.S.C. § 1951 (Hobbs Act robbery), instead of armed bank robbery under 18 U.S.C. § 2113 with respect to the November 14, 2014 robbery.  The reason for this change presumably relates to federal jurisdiction over the alleged offense.  The essential elements of robbery under 18 U.S.C. § 1951 are substantially similar to the elements of bank robbery under 18 U.S.C. §2113(a)— the taking of property from the person or in the presence of another by actual or threatened force and

1    violence, or intimidation.

2         The factors that do not support joinder of the September 12, 2011 robbery with the November

3    2014 robberies are the lack of temporal proximity and the apparent lack of evidentiary overlap between

4    these offenses.  The September 2011 robbery occurred more than three years earlier, and the indictment

5    does not set forth any facts showing any evidentiary connection between that robbery and the November

6    2014 robberies.  In arguing against severance, the Government states that it intends to introduce

7    evidence of the September 12, 2011 robbery during the trial of the November 2014 robberies pursuant

8    to Fed.R.Evid. 404(b)(2) which permits evidence of a crime, wrong or other act— which is not

9    admissible to prove a person's character—to be admitted for another purpose, such as proving motive,

10   opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident.  The

11   Government, however, has not provided any description of the grounds for introducing the September

12   2011 robbery as evidence against Defendant Kincade in the trial of subsequent robberies.  Not

13   surprisingly, Defendant Kincade argues that evidence of the September 12, 2001 robbery will not be

14   admissible under Rule 404(b)(2) in a separate trial of the November 2014 robberies.

15        Based on the absence of temporal proximity between the September 2011 robbery and the

16   November 2014 robberies, and the absence of evidentiary overlap discernible from the allegations in the

17   indictment or the reasonable inferences therefrom, the Government has not met it burden to show that

18   the September 12, 2011 robbery charge is properly joined with the November 2014 robbery charges

19   under Rule 8(a).  Because reasonable minds can differ as to whether joinder of the offenses is proper,

20   however, the Court addresses Defendant Kincade's argument for severance pursuant to Rule 14.

21        **2.    Relief From Prejudicial Joinder Under Rule 14(a).**

22        Rule 14(a) of the Federal Rules of Criminal Procedure states that "[i]f joinder of offenses or

23   defendants in an indictment or information, or a consolidation for trial appears to prejudice a defendant

24   or the government, the court may order separate trials of counts, sever defendants' trials, or provide any

25   other relief that justice requires."  As recently stated in *United States v. Prigge*, 830 F.3d 1094, 1098

26   (9th Cir. 2016), "[e]ven if counts are correctly joined initially under Rule 8(a), the district court may

27   still sever counts under Rule 14 if joinder is 'manifestly prejudicial.'  *United States v. Johnson*, 820

28   F.2d 1065, 1070 (9th Cir. 1987) (quoting *United States v. Seifert*, 648 F.2d 557, 563 (9th Cir. 1980)."

Consistent with *Prigge*, the court in *United States v. Gay*, 567 F.2d 916, 919 (9th Cir. 1978) stated:

> The ordering of separate trials requires unusual circumstances and the power to do so rests within the broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar. *Fed.R.Crim.P.* 14; *Opper v. United States*, 384 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954) (a severance is not required until a joint trial will be "manifestly prejudicial"); *United States v. Kaplan*, 554 F.2d 958, 965-67 (9th Cir. 1977); *United States v. Donaway*, 447 F.2d 940, 943 (9th Cir. 1971) (citing numerous cases).

In *Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 938 (1993), the Supreme Court stated the "when defendants have been properly joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." The same principle also applies to motions to sever properly joined offenses. Other decisions have emphasized the defendant's heavy burden to demonstrate that severance should be granted based on the prejudice. *See United States v. Davis*, 663 F.2d 824, 832 (9th Cir. 1981), *rev'd on other grounds*, 714 F.2d 896 (9th Cir. 1983) ("Severance under Rule 14 is proper only when the defendant carries the difficult burden of demonstrating undue prejudice resulting from a joint trial.").

Defendant Kincade does not seek severance because evidence of the September 12, 2011 robbery will, itself, be unfairly prejudicial to his defense of the November 2014 robbery charges. Rather, he argues that severance should be granted as an alternative to disqualification of his counsel. Neither party has cited any decision which deals with severance on this basis. In *United States v. Wirsing*, 719 F.2d 859 (6th Cir. 1983), the Sixth Circuit stated that a motion for severance pursuant to Rule 14 is committed to the sound discretion of the trial court, and that such discretion must be exercised in light of all the relevant circumstances. "Foremost among the relevant circumstances is a 'balancing of the interests of the public in avoiding a multiplicity of litigation and the interest of the defendant in obtaining a fair trial.'" *Id.* at 864–65, quoting J. Moore, 8Moore's Federal Practice, ¶ 14.02. Although *Wirsing* did not involve a motion for severance as an alternative to disqualification, the court did hold that severance was appropriate under Rule 14 where defendant's attorney was prepared to proceed to trial on the conspiracy count, but was not prepared to proceed on more complex counts for income tax evasion. In reversing the district court's denial of severance, the Sixth Circuit

1   stated that "[w]hen it was made clear to the district court that trial counsel was not ready to proceed on

2   the tax evasion charges, the court had an obligation to consider the possible prejudice from evidence on

3   the conspiracy count being presented in a trial on the tax evasion counts.  The court should have

4   considered the complexity of the charges and the possible 'spillover' effect of trying the different types

5   of offenses in a joint trial." *Id.,* at 865.

6        In *United States v. Cannistraro*, 794 F.Supp. 1313 (D.N.J. 1991), the government moved to

7   disqualify the defendant's attorney because he had personal knowledge of and was a witness to events

8   underlying some of the charges.  The defendant's attorney proposed severance as an alternative to

9   disqualification.  In denying the motion for severance, and instead granting the motion to disqualify, the

10  court noted that the offenses and co-defendants were properly joined under Rule 8 and that there was

11  substantial overlapping evidence.  Evidence relating to defendant's counsel would likely be introduced

12  at defendant's trial even if severance was granted.  The trial was expected to last two to four months

13  and "[s]everance of the trial will, therefore, result in a gross waste of judicial resources, time and effort.

14  The substantial public interest in judicial economy as well as the inability to eliminate the appearance of

15  impropriety in [defendant's] case outweighs any prejudice to [defendant] as a result of disqualification

16  of [his counsel]." *Id.* at 1326.

17       Applying the "balancing of the interests" test set forth in *United States v. Wirsing* in accordance

18  with the defendant's burden to demonstrate manifest prejudice, the Court concludes that severance is

19  warranted in this case.  Defendant Kincade has a qualified right to be represented by his counsel of

20  choice, Ms. Bliss, so long as she is not encumbered by a substantial conflict of interest that requires her

21  disqualification.  *Wheat v. United States*, 486 U.S. 153, 158, 108 S.Ct. 1692, 1696 (1988).  The fact that

22  Ms. Bliss "converted" to court appointed counsel may arguably lessen Defendant's Sixth Amendment

23  right to counsel of choice.  *See Luis v. United States*, — U.S. —, 136 S.Ct. 1083, 1089 (2016) and

24  *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624, 109 S.Ct. 2646 (1989).  Defendant's

25  Sixth Amendment rights, however, did not totally evaporate with that change.  The Court should not

26  disregard Defendant's interest in continuing to be represented by competent counsel in whom he has

27  trust and confidence.

28       It should have been no surprise to Defendant's counsel that questions of conflict of interest

1    could arise if she undertook to represent a criminal defendant whom she had previously prosecuted or

2    considered prosecuting while an Assistant United States Attorney.  The Government, however, did not

3    object to Ms. Bliss representing Defendant Kincade on the November 2014 robbery charges when she

4    filed her designation of retained counsel on September 1, 2015 or when she filed the substitution of

5    attorneys on October 2, 2015.  Nor apparently did the Government inform Ms. Bliss at that time of the

6    possibility that additional charges would be filed against Defendant Kincade that would require her

7    disqualification.  As noted in *United States v. Locascio*, 357 F.Supp.2d 536, 553 (E.D.N.Y. 2004),

8    motions to disqualify opposing counsel are viewed with disfavor because they impinge on a defendant's

9    rights to choose his own counsel and because of the strong potential for abuse.  Because of this,

10   motions to disqualify "are subjected to 'particularly strict judicial scrutiny.'"  *Optyl Eyewear Fashion*

11   *Intern. Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985); *S.E.C. v. King Chuen*

12   *Tang*, 831 F.Supp.2d 1130, 1142 (N.D. Cal. 2011); and *Rebel Communications, LLC v. Virgin Valley*

13   *Water Dist.*, 2011 WL 677308, *5 (D.Nev. Feb. 15, 2011).

14            Unreasonable delay in filing a motion to disqualify may also result in a finding that the moving

15   party has waived the alleged conflict.  *S.E.C. v. King Chuen Tang*, 831 F.Supp.2d at 1144, citing *Trust*

16   *Corp. of Montana v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983).  "In determining whether

17   delay is sufficient to give rise to waiver, the court should consider not only the length of the delay but

18   also "such factors as to when the movant learned of the conflict; whether the movant was represented

19   by counsel during the delay; why the delay occurred, and in particular whether the motion was delayed

20   for tactical reasons; and whether disqualification would result in prejudice to the nonmoving party.'"  *Id.*

21   quoting *Employers Ins. of Wausau v. Albert D. Seeno Const. Co.*, 692 F.Supp. 1150, 1165 (N.D. Cal.

22   1988).

23            Here, the Government did not obtain the superceding indictment and file its motion to disqualify

24   Ms. Bliss until eight months after she substituted in as Defendant Kincade's counsel.  The Government

25   has not shown that it was unaware at the time Ms. Bliss became Defendant's counsel of the reasonable

26   possibility that it would add the September 2011 robbery charge.  In any event, the Government has not

27   asserted that Ms. Bliss has a conflict of interest with respect to the November 2014 robberies.  It only

28   seeks her disqualification because of the joinder of the September 2011 robbery charge.  This factor

therefore favors severance of the September 2011 robbery charge.

The joinder of the September 12, 2011 robbery with the November 2014 robberies is predicated on the weakest prong for joinder under Rule 8(a).  Even assuming that the September 12, 2011 robbery is properly joined under Rule 8(a), there is no overlapping evidence between that charge and the November 14 and 25, 2014 robberies that will require the Government to present the same evidence in two trials.  The Government has not demonstrated that the September 2011 robbery will be admissible against Defendant Kincade at trial of the November 2014 robberies pursuant to Rule 404(b).  The admission of such evidence is, in any event, within the discretion of the court.  Trial of the three robbery charges in a single trial or in two trials will not be significantly time consuming.  Therefore, unlike the circumstances in *United States v. Cannistraro*, separate trials in this case will not result in a gross waste of judicial resources, time and effort that is contrary to the substantial public interest in judicial economy.   Based on the prejudice to Defendant Kincade that will result if his counsel is disqualified from representing him on the November 2014 robberies, and the lack of substantial countervailing factors supporting a joint trial of the September 2011 and November 2014 robberies, Defendant Kincade has met his burden to show prejudice and to obtain severance under Rule 14.

## CONCLUSION

It is debatable whether the September 12, 2011 robbery charge has been properly joined with the November 2014 robbery charges under Rule 8(a).  Even if joinder is proper, the prejudice to Defendant Kincade that will result from the disqualification of his attorney outweighs the Government's or the public's interest in a joint trial.  Accordingly,

**IT IS HEREBY ORDERED** that  Defendant Robert Kincade's Motion to Sever (ECF No. 118) is **granted**.  Trial of Count One of the Third Superceding Indictment (ECF No. 135) is hereby severed from trial of the other counts in the indictment.

**IT IS FURTHER ORDERED** that the Government's Motion to Disqualify Defense Counsel Due to Conflict (ECF Nos. 94, 95) is **denied** to the extent that it seeks to disqualify attorney Kathleen Bliss from representing Defendant Kincade on Counts Two through Five of the Third Superceding Indictment (ECF No. 135).

DATED this 21st day of October, 2016.

GEORGE FOLEY, JR.
United States Magistrate Judge