UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Robert Kincade,<br><br>    Defendant | 2:15-cr-00071-JAD-GWF<br><br>**Order Granting Defendant Kincade's Motion to Preclude Character Evidence**<br><br>**[ECF No. 128]** |

Defendant Robert Kincade is charged with three counts of federal bank robbery and two § 924(c) counts. Kincade moves to preclude evidence of prior charged and uncharged robberies as inadmissible character evidence under FRE 404(a), and he argues that this evidence is not admissible under FRE 404(b).[1] Because the government has failed to carry its burden to show that this evidence is admissible under FRE 404(b), I grant Kincade's motion.

## Background

Kincade and his co-defendant Jose Florez are charged with two armed bank robberies that occurred in November 2014 and with brandishing a firearm in connection with both,[2] and Kincade is additionally charged with a September 2011 bank robbery.[3] In June 2016, the government notified Kincade that it may seek to introduce at trial evidence of his 2007 conviction for four bank robberies that occurred in June and July 2005 and evidence of two uncharged bank robberies that occurred in November and December 2014.[4] In the notice, the government stated that all six of the prior robberies were admissible under Rule 404(b) as "evidence of intent, plan, modus operandi, identity,

---

[1] ECF 128.

[2] ECF 90 at 2–3 (second superseding indictment). Kincade has a pending motion to dismiss the second superseding indictment. ECF No. 169.

[3] *Id.* at 1.

[4] ECF 128-1.

absence of mistake, and/or lack of accident."[5]

Kincade moves to preclude this evidence as inadmissible character evidence under FRE 404(a), and he argues that this evidence is not admissible under FRE 404(b) because (1) there are no distinct characteristics connecting his prior robbery charges with the robberies in this case and (2) there is no evidence that he committed the two prior uncharged robberies. Even if the evidence were admissible under FRE 404(b), Kincade argues that it should nonetheless be excluded under FRE 403.

## Discussion

### A. Prior Bad Acts Evidence Under Rule 404(b)

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[6] But "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[7] To admit other-act evidence under FRE 404(b), the government must show that: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.[8] To satisfy the first prong's materiality requirement, the government "must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence."[9]

### B. The government fails to show that the evidence tends to prove a material point.

Besides referencing *all* of the permissible purposes for other-acts evidence that Rule 404(b) lists, the government does not identify how any of the prior robberies are relevant to proving a material point in this case. These prior robberies would certainly be relevant if they tended to show

---

[5] *Id.*

[6] FED. R. EVID. 404(b)(1).

[7] FED. R. EVID. 404(b)(2).

[8] *U.S. v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2009) (quotation omitted).

[9] *United States v. Arambula–Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993) (quotation omitted).

identity. But when other-acts evidence is introduced to prove identity, the "act must be 'sufficiently distinctive to warrant an inference that the person who committed the act also committed the offense at issue.'"[10]

The government contends that the 2005 robberies for which Kincade was convicted and the robberies charged in this case are sufficiently distinctive because they were all bank robberies in which one person jumped the teller counter and, with a gun, demanded cash from the second and/or lower drawer (suggesting that the perpetrator knew where larger bills are kept), put money in a cloth bag, obtained large amounts of cash, and used a stolen vehicle.[11] As to the uncharged 2014 robberies, the government makes no effort to identify how these crimes were similar to the current charges and are thus relevant for proving identity or explain what other material point they could be offered to prove. The government simply argues that there will be sufficient evidence at trial tying Kincade to these robberies, thus satisfying the third prong of the FRE 404(b) test.[12]

Kincade disputes the government's characterization of the robberies, and neither party attaches any evidence to support its factual assertions. But even if I accept as true the government's rendition of the robberies, they still are not distinctive enough to allow me to make an inference of identity. As the Ninth Circuit explained in *United States v. Luna*, "if the characteristics of both the prior offense and the charged offense are not in any way distinctive, but are similar to numerous other crimes committed by persons other than the defendant, no inference of identity can arise."[13] The characteristics proffered by the government here are even less distinctive than those rejected by the Ninth Circuit panel in *Luna* as too "generic:"[14]

---

[10] *United States v. Luna*, 21 F.3d 874, 878–79 (9th Cir. 1994)(quoting *United States v. Perkins*, 937 F.2d 1397, 1400 (9th Cir. 1991)).

[11] ECF 172 at 7.

[12] ECF No. 172 at 9–10.

[13] *Luna*, 21 F.3d at 878–79 (quoting *Perkins*, 937 F.2d at 1400) (internal quotation marks omitted)).

[14] *Id.* at 881.

> The robberies were conducted takeover style, i.e., rather than robbing individual tellers and attempting to hide that fact from the rest of the bank [and] the robbers announced their presence to one and all and took control of the bank. The robberies all occurred between 10:30 and 11:30 a.m., and the robbers entered the banks noisily. In each case, the robbers wore sweatpants, sweatshirts, some kind of mask, and gloves. The robbers were armed. At least one robber jumped over the counter. The robbers swore at the tellers and pushed, tossed, or struck one or more bank employees. They took money out of one or more of the tellers' drawers and put it into bags. They used a getaway car in all of the robberies, and in both of the uncharged crimes and one of the charged crimes, they abandoned the car with its motor running.[15]

I find that the characteristics identified by the government—(1) bank robberies, (2) using a gun, (3) demanding money from the second or bottom drawer,[16] (4) jumping over the counter, (5) putting money into a bag, and (6) using a stolen vehicle—are not sufficiently distinctive to show identity. Thus, like the robberies in *Luna*, these acts are similar to numerous other crimes committed by persons other than the defendant, making them irrelevant for identity purposes.[17] Because the government has not carried its burden to show that any of the prior charged or uncharged robberies tends to prove a material point, this evidence fails at the first step of the FRE 404(b) analysis.

---

[15] *Id.* at 880 (footnote omitted).

[16] According to the government, specific requests for money from the "bottom" or "second" drawers were only made in two of the four robberies in 2005. ECF 172 at 2–3. In the other two prior charged robberies, the perpetrators allegedly "ordered the tellers to unlock their drawers," "demanded the cash drawer," and "demanded cash," which is even less distinctive. *Id.* at 3. As to the robbery charges in this case, the government claims that specific requests for money from the "bottom" or "second" drawers were only made in two of the three robberies, and Kincade disputes this.

[17] *Id.* at 878–79.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that defendant's motion to preclude character evidence **[ECF 128]** is **GRANTED**.

Dated this 21st day of December, 2016.

_____
Jennifer A. Dorsey
United States District Judge