# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | **2:15-cr-00071-JAD-GWF** |
| Plaintiff | **Order Overruling Objections, Adopting Report and Recommendation, Denying Motion to Dismiss, and Denying Motion to Strike** |
| v. | |
| Robert Kincade, | |
| Defendant | [ECF Nos. 130, 235, 169, 267] |

Defendant Robert Kincade is charged with three counts of federal bank robbery and two § 924(c) counts.  In March 2015, Kincade was indicted for two November 2014 robberies and two firearm charges.  Fifteen months later and shortly before Kincade's trial was to begin, the government brought a second superseding indictment adding a third robbery charge for a September 2011 robbery.  Due to a conflict with Kincade's counsel and the new charge, the court severed the trial on the 2011 robbery from the 2014 robbery charges and appointed new counsel for the 2011 robbery charge.

Shortly before the court severed the 2011 robbery charge, Kincade moved to dismiss the indictment based on prosecutorial delay and misconduct.[1]  Magistrate Judge George Foley held an evidentiary hearing after which he accepted supplemental briefing, and he recommends against dismissal.  Kincade objects, and the government moves to strike portions of Kincade's objections. Having reviewed the objected-to portions of the magistrate judge's findings and conclusions de novo, I overrule Kincade's objections, adopt Magistrate Judge Foley's report and recommendation, deny Kincade's motion to dismiss, and deny the government's motion to strike.

---

[1]  After the 2011 charge was severed, Kincade's counsel for that charge filed a motion to dismiss the second superseding indictment.  ECF No. 169.  I will address that motion, the magistrate judge's recommendation, and the objections to it in a separate order in due course.

**Background**

1
2        The magistrate judge provided a thorough factual background of this case in his
3 recommendations, and I adopt it and incorporate it by reference here.[2]  I address the factual and
4 procedural background of this case only as necessary to resolve Kincade's objections.

5 **A.        Report and recommendation**

6        Kincade first argues that dismissal is appropriate based on post-indictment delay, some of
7 which resulted from the government's improper decision to file the second superseding indictment
8 and join the 2014 and 2011 robbery charges and its motion to disqualify Kincade's counsel.  He next
9 argues that dismissal is warranted because of the government's intrusion into the attorney-client
10 relationship, which Kincade discovered when the government provided to defense counsel compact
11 discs containing recordings of Kincade's jail phone calls, some of which were protected
12 communications with his attorney.  The magistrate judge recommends against dismissal because he
13 found that the government did not act in bad faith and that Kincade failed to show that he was
14 actually prejudiced by the seven-month trial delay attributable to the government or by any intrusion
15 into the attorney-client relationship.

16 **B.        Objections**

17        Kincade argues that Magistrate Judge Foley erred by (1) concluding that Kincade failed to
18 demonstrate prejudice, as required for dismissal based on speedy-trial violations under *Barker v.*
19 *Wingo*; (2) finding that no prejudice resulted from the government's intrusion into Kincade's
20 relationship with his attorney; and (3) failing to address dismissal under Rule 48 and failing to
21 address Kincade's request that the United States Attorney's Office for the District of Nevada and the
22 FBI's Las Vegas field office be disqualified.  The government moves to strike the portion of
23 Kincade's objections that exceeds the page limit imposed by this district's local rules, and also
24 moves to strike the declaration of Attorney Jason Hicks.[3]

25
26 _____

27 [2] *See* ECF No. 235 at 2–14; ECF No. 238 at 1–6.

28 [3] ECF No. 267.

**Discussion**

**A.    Standards of review**

A district judge reviews objections to a magistrate judge's proposed findings and recommendations de novo.[4]  "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[5]  The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion.[6]  Local Rule IB 3-2(b) requires de novo consideration of specific objections only.[7]

I deny the government's motion to strike Attorney Hicks's declaration and the portion of Kincade's objections that exceeds the page limits provided by this district's local rules.  I will consider Kincade's objections in full because the government has addressed them on their merits.  However, counsel for Kincade is cautioned to review the local rules and ensure that any future filings are rule-compliant.  Additionally, though I decline the government's request to strike Attorney Hicks's declaration from the record, I also decline to consider it for purposes of ruling on Kincade's objections.  The government is correct that Hicks could have testified at the evidentiary hearing before the magistrate judge and he did not, so I decline to consider this belatedly offered evidence.[8]

**B.    Speedy-trial violations**

Kincade first objects to the magistrate judge's recommendation that I deny his motion to dismiss based on speedy-trial violations.  Under *Barker v. Wingo*, courts consider four factors to

---

[4] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).

[5] *Id.*

[6] *Id.* (stating that a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise") (emphasis in original).

[7] *See* L.R. IB 3-2(b) (requiring de novo consideration of specific objections only); *Carillo v. Cate*, 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (noting that "generalized objections" do not require de novo review).

[8] Even if I were to consider it, it would not change my conclusion that Kincade has not shown that he was prejudiced by any attorney-client relationship violation.

determe whether a defendant has been denied his right to a speedy trial: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's prior assertion of the right, and (4) the prejudice resulting from the delay.[9]  The Ninth Circuit has explained that the length of the delay is a "threshold" factor, and a sufficiently lengthy delay is necessary to trigger examination of the other three factors.[10]  The magistrate judge correctly determined that the nearly two-year delay between the original indictment in this case and the current trial date of February 28, 2017, triggers application of the balancing test.[11]

Magistrate Judge Foley apportioned the nearly 24-month delay in this case between the parties and correctly determined that Kincade bears responsibility for the first 16 months, and that the last 7 months—from July 12, 2016, to the currently scheduled trial date—are attributable to the government.[12]  He then assessed the final three factors in light of this seven-month delay.

The magistrate judge found that Kincade began to affirmatively assert his right to a speedy trial in June 2016,[13] and that the government unreasonably caused postponement of the July 12, 2016, trial date, though he stopped short of finding that she acted in bad faith.[14]  He therefore concluded that

---

[9] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

[10] *United States v. Alexander*, 817 F.3d 1178, 1181 (9th Cir. 2016) (citing *United States v. Sears, Roebuck & Co., Inc.*, 877 F.2d 734, 739 (9th Cir. 1989)).

[11] ECF No. 235 at 15.  *See United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003) ("[D]elays approaching one year are presumptively prejudicial.")  Kincade incorrectly states that the magistrate judge found that the first factor "weighs in Mr. Kincade's favor."  ECF No. 254 at 8.  The magistrate judge did not find that the first factor weighed in favor of either party; it is merely a threshold inquiry.

[12] ECF No. 235 at 15–17, 20.  The July 12, 2016, trial was continued because the government filed the second superseding indictment on June 29, 2016, Kincade needed additional time to review discovery, and the government's motion to disqualify Kincade's counsel was pending.  ECF No. 102.

[13] ECF No. 23 at 15–17.  Kincade does not object to these findings, and I find that they are correct and supported by the record.

[14] ECF No. 235 at 19.  The magistrate judge helpfully discusses in great detail the communications between government and defense counsel and the circumstances surrounding the decision to supersede in June, and I incorporate it here by reference.  *Id.* at 1–9.  The parties do not object to the timeline of these events or the contents of these communications.

1   the second and third *Barker* factors weigh in Kincade's favor.[15]

2          Finally, the magistrate judge considered whether Kincade had shown actual prejudice.[16]   As

3   the magistrate judge explained, prejudice is assessed in light of the need to (1) prevent oppressive

4   pretrial incarceration; (2) minimize anxiety and concern of the accused; and (3) limit the possibility

5   that the defense will be impaired.[17]   The third interest is the most important.[18]   Magistrate Judge Foley

6   agreed that Kincade was prejudiced by the additional pretrial detention and accompanying anxiety,

7   but he found that Kincade failed to show that his ability to defend against the robbery charges was

8   prejudiced by the government's delay.   Because the magistrate judge found that the prosecutor did not

9   act in bad faith, he concluded that dismissal of the indictment was too severe of a sanction in light of

10  the length of the delay and the nature of the prejudice to Kincade, which did not include prejudice to

11  his ability to defend himself.[19]

12          Kincade represents that "in the time period between the completion of the briefing on this

13  matter and present, defense investigators have attempted to locate several key witnesses necessary for

14  trial, on multiple occasions, and have been unsuccessful on each."[20]   Kincade represents that defense

15  investigators have been unable to locate Crystal Vela, an alleged accomplice of Kincade.[21]   But

16  Kincade does not explain why he waited until after briefing on the instant motion was completed to

17  attempt to locate this witness, nor does he explain how his defense will be prejudiced by his inability

18

19  _____

20  [15] *Id.* at 18–19.

21  [16] *Id.* at 19.   Kincade does not object to the magistrate judge's determination that he must show
22  prejudice, but he maintains that he has done so and that dismissal of the indictment due to
    prosecutorial delay is appropriate.   ECF No. 254 at 10–12.

23  [17] ECF No. 235 at 19 (citing *Barker*, 407 U.S. at 532).

24  [18] *Id.*

25  [19] ECF No. 235.

26  [20] ECF No. 254 at 11.

27

28  [21] *Id.*

1    to find her.[22]  Kincade's inability to locate Vela thus does not demonstrate prejudice.

2            Kincade also represents that defense investigators have been unable to locate Gabriel Guerin,

3    a customer at the IBEW Credit Union during one of the November 2014 robberies who described the

4    robbery suspect as approximately 5'8" and 150 pounds, which is inconsistent with Kincade's build.[23]

5    Once again, there is no indication that Kincade made any attempt to locate or contact this witness

6    until recently.[24]  If Kincade had successfully contacted this witness in preparation for the July 12,

7    2016, trial date and the witness later became unavailable for his currently scheduled trial date, then I

8    could find that Kincade was prejudiced by this additional delay.  But Kincade cannot blame his own

9    delay in contacting this witness on the government at this stage,[25] and he thus fails to show prejudice

10   to his defense on this basis.

11           I agree with the magistrate judge that, although the prosecutor's conduct in this case was

12   unconventional and there was a better course of action available to her—obtaining a separate

13   indictment for the 2011 robbery charge and allowing the 2014 robbery charges to proceed to trial as

14   planned—she did not act in bad faith.  I also agree with the magistrate judge that dismissal of the

15   indictment is not warranted in light of the length of the delay attributable to the government and the

16   nature of the prejudice to Kincade, and Kincade still has not shown that his ability to defend himself

17   against the robbery charges was prejudiced.[26]  Accordingly, I overrule Kincade's objection and I

18   decline to dismiss the indictment based on alleged speedy-trial violations.

19

20   ───────────────

21   [22] This showing of prejudice is deficient for the additional reason that Kincade failed to raise it
     before the magistrate judge, and I therefore deem this argument waived.

22   [23] *Id.*

23   [24] *Id.* at 11.

24
25   [25] Like the accomplice witness, the showing of prejudice as to this witness is deficient for the
     additional reason that Kincade failed to raise it before the magistrate judge, and I therefore deem this
26   argument waived.

27   [26] I also agree with the magistrate judge that many of the detrimental consequences of the additional
     detention that Kincade cites—deterioration of relationships and loss of job—arguably occurred
28   during the first 16 months of his incarceration during the time that is mainly attributable to Kincade.

**C.     The government's intrusion into the attorney-client relationship**

Kincade next objects to the magistrate judge's recommendation that I deny his motion to dismiss based on the government's alleged intrusion into the attorney-client relationship.  As Magistrate Judge Foley stated, "[d]espite the high approbation our system has for the attorney-client privilege, the Supreme Court has twice held that government invasion of that privilege or of the defense camp is not sufficient by itself to cause a Sixth Amendment violation.  The defendant must have been *prejudiced* by such action."[27]  Magistrate Judge Foley then acknowledged that the federal detention center and the government are "responsible for adopting reasonable procedures to ensure that detainees have the ability to confer confidentially with their counsel and that those confidences are not violated" and that the evidence presented at the evidentiary hearing cast "serious doubt on whether the Detention Center took adequate steps to ensure that the attorney-client telephone calls are not recorded."[28]  Because the magistrate judge could not conclude from the record in this case that the case agent or the government's attorneys "listened to any of the attorney-client conversations, *and*, in so doing, acquired information that has unfairly prejudiced [Kincade's] ability to defend against the charges in this case,"[29] he declined to dismiss the indictment based on Sixth Amendment violations.

Kincade argues that "it is inconceivable that [the government's] actions have not given the government an unfair advantage at trial, or that these events have not damaged the attorney-client relationship," and he urges me to reconsider the magistrate judge's denial of Kincade's motions to compel the government to disclose the grand-jury transcripts, presumably because he believes these transcripts will show how the government gained an unfair advantage.[30]  I decline Kincade's untimely request to reconsider these discovery orders, and I agree with the magistrate judge that Kincade has failed to show that he was prejudiced by the government's intrusion into his attorney-client

---

[27] *United Statres v. Hernandez*, 937 F.2d 1490, 1493 (9th Cir. 1991) (citing *United States v. Morrison*, 449 U.S. 361, 365 (1981)).

[28] ECF No. 235 at 21.

[29] *Id.* at 24 (emphasis in original).

[30] ECF No. 254 at 17.

1 relationship.  I therefore overrule this objection, and I decline to dismiss the indictment on this basis.

2 **D.      Failure to address Kincade's Rule 48 and disqualification requests.**

3 Finally, Kincade argues that the magistrate judge improperly failed to consider dismissal

4 under Rule 48.[31]  Kincade acknowledges that he raised this argument for the first time in

5 supplemental briefing to his dismissal motion but nonetheless contends that the magistrate judge

6 should have considered it because the judge ordered the supplemental briefing at the evidentiary

7 hearing.[32]

8 The transcripts from the evidentiary hearing show otherwise.  At the hearing, the magistrate

9 judge acknowledged that, since the filing of Kincade's first dismissal motion, the government had

10 offered a new basis for its belated decision to charge the 2011 robbery: it came back into contact with

11 S.P., who confirmed that her 2011 account that Kincade had committed the robbery was correct.[33]

12 Magistrate Judge Foley added: "I would certainly be willing to hear, on behalf of Mr. Kincade, Ms.

13 Bliss, if she wants to address that additional information as it affects this issue regarding the speedy

14 trial—I would certainly give you the opportunity to do that . . . ."[34]  He clarified: "the new information

15 . . . is about [S.P.] coming back into contact with the government . . . and that being a factor with

16 regard to the superseding indictment to add the September 2011 robbery charge.  So I wanted to give

17 you an opportunity to address that."[35]  The magistrate judge gave Kincade an opportunity to address

18 the government's new evidence in support of his speedy-trial argument—not to file a Rule 48 request.

19 The magistrate judge properly considered Kincade's supplemental briefing on that issue, and he did

20 not err by declining to consider Kincade's single-sentence Rule 48 request.  I deem Kincade's belated

21 Rule 48(b) request waived.

22

23 --------

24 [31] ECF No. 235 at 32–33.

25 [32] *Id.* at 32.

26 [33] ECF No. 254-1 at 145.

27 [34] *Id.* at 146.

28 [35] *Id.* at 147.

1   The same goes for Kincade's request that the United States Attorney's Office for the District

2   of Nevada and the FBI's Las Vegas field office be disqualified from this case, which Kincade raised

3   in a single sentence in his reply brief.[36]  The magistrate judge did not err by failing to address an

4   argument raised for the first time in the reply brief,[37] and I decline to consider it here.

5                                        **Conclusion**

6           Accordingly, IT IS HEREBY ORDERED that the government's motion to strike **[ECF No.**

7   **267] is DENIED.**

8           IT IS FURTHER ORDERED that Kincade's objections to the magistrate judge's report and

9   recommendation **[ECF No. 254] are OVERRULED**, the report and recommendation **[ECF No. 235]**

10  **is ADOPTED**, and Kincade's motion to dismiss the indictment for prosecutorial delay and

11  misconduct **[ECF No. 130] is DENIED.**

12          Dated this 21st day of February, 2017.

14                                            _____

15                                            Jennifer A. Dorsey
                                              United States District Judge

---

27  [36] ECF No. 254 at 33 (citing ECF No. 186 at 23).

28  [37] *See, e.g., Sanchez v. Pacific Powder Co.*, 147 F.3d 1097, 1100 (9th Cir. 1998).