UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　Plaintiff<br><br>v.<br><br>Robert Kincade,<br><br>　　Defendant | 2:15-cr-00071-JAD-GWF<br><br>**Order Overruling Objections,<br>Adopting Report and<br>Recommendation, and Denying Motion<br>to Dismiss**<br><br>[ECF Nos. 169, 238, 259] |

  Defendant Robert Kincade is charged with three counts of federal bank robbery and two § 924(c) counts. In March 2015, Kincade was indicted for two November 2014 robberies and two firearm charges. Fifteen months later and shortly before Kincade's trial was to begin, the government brought a second superseding indictment adding a third robbery charge for a September 2011 robbery. Due to a conflict with Kincade's counsel and the new charge, the court severed the trial on the 2011 robbery from the other robbery charges and appointed new counsel for the 2011 robbery count.

  Shortly before the court severed the 2011 robbery charge, Kincade moved to dismiss the indictment based on prosecutorial delay and misconduct. On February 2, 2017, I adopted Magistrate Judge Foley's report and recommendation and denied the motion, finding that Kincade failed to show bad faith or actual prejudice resulting from pre-trial delay or the government's intrusion into the attorney-client relationship.[1] I now consider Kincade's motion to dismiss the second superseding indictment based on pre- and post-indictment delay.[2] Magistrate Judge Foley again recommends

---

[1] *See* ECF No. 276.

[2] ECF No. 169.

against dismissal,[3] and Kincade objects.[4] Having reviewed the objected-to portions of the magistrate judge's findings and conclusions de novo, I overrule Kincade's objections, adopt Magistrate Judge Foley's report and recommendation, and deny Kincade's second dismissal motion.

## Background

The magistrate judge provided a thorough factual background of this case in his recommendations, and I incorporate it by reference here.[5] I address the factual and procedural background of this case only as necessary to resolve Kincade's objections.

**A.   Report and recommendation**

Kincade first argues that dismissal is appropriate based on pre-indictment delay—the government did not charge him with the September 2011 robbery until more than four years and eight months after it was committed—which he claims resulted in confrontation-clause violations. He next argues that dismissal is appropriate based on speedy-trial violations and under Federal Rule of Criminal Procedure 48(b) or the court's supervisory powers. The magistrate judge recommends against dismissal, primarily because Kincade fails to show actual prejudice to his defense from any pre- or post-indictment delay.

Kincade argues that the magistrate judge erred by concluding that he has not shown actual prejudice. Kincade baldly contends that the government's decision not to prosecute him back in 2011—when Kincade was originally interviewed by police in connection with the robbery—caused him to believe "that it was not necessary to prepare a defense."[6] In reliance on the government's decision not to charge him at that time, Kincade continues, he "did not timely conduct an investigation into the robbery" or "interview witnesses."[7] He also argues that the magistrate judge

---

[3] ECF No. 248.

[4] ECF No. 259.

[5] *See* ECF No. 235 at 2–14; ECF No. 238 at 1–6.

[6] ECF No. 259 at 4.

[7] *Id.*

erred in finding that he has not shown actual prejudice resulting from post-indictment delay and in finding that any prejudice was not substantial enough to warrant dismissal under Rule 48(b) or the court's inherent powers.[8]

**Discussion**

**A.     Standards of review**

A district judge reviews objections to a magistrate judge's proposed findings and recommendations de novo.[9] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[10] The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion.[11] Local Rule IB 3-2(b) requires de novo consideration of specific objections only.[12]

**B.     Pre-indictment delay**

As Magistrate Judge Foley noted, "the statute of limitations is the primary guarantee against the bringing of overly stale criminal charges."[13] The threshold inquiry in determining whether dismissal based on pre-indictment delay is warranted is whether the defendant has shown that he suffered "actual, nonspeculative prejudice" from the delay[14]—a "heavy" burden that is "rarely met."[15]

---

[8] *Id.* at 5.

[9] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).

[10] *Id.*

[11] *Id.* (stating that a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise") (emphasis in original).

[12] *See* L.R. IB 3-2(b) (requiring *de novo* consideration of specific objections only); *Carillo v. Cate*, 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (noting that "generalized objections" do not require *de novo* review).

[13] ECF No. 238 at 6 (citing *United States v. Marion*, 404 U.S. 307, 322 (1971)).

[14] *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995).

[15] *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1995)).

If the defendant makes this showing, the court must then "balance the length of the delay with the reasons for it" to determine if a due-process violation occurred.[16]

Kincade argues that he has suffered actual prejudice because he has been unable to locate the four eyewitnesses to the robbery, whose testimony is critical to his defense because the government's case hinges on what the robber allegedly wore. He also claims that he could have obtained alibi testimony if he was promptly charged.

The magistrate judge found that Kincade's eye-witness argument is too speculative to show actual prejudice because Kincade fails to show that the witnesses' memories have materially diminished or that they would have testified more favorably for Kincade had they testified closer to the time of the robbery.[17] Additionally, the magistrate judge notes that it is "questionable whether the alleged inconsistencies in the eyewitness' description of the robber will be material at trial" in light of the other evidence against Kincade, including a surveillance video of the robbery and the expected testimony of his then-girlfriend.[18] The magistrate judge also rejected Kincade's alibi argument because Kincade fails to identify any individual who would have testified that he was somewhere else at the time of the robbery but who is no longer available to testify.[19] Finally, the magistrate judge concluded that, even if Kincade could make the threshold prejudice showing, he fails to show that the four-plus year delay and the reasons for it warrant dismissal.[20]

Kincade offers only conclusory objections. He reiterates that the government's delay lulled him into thinking that it was not necessary to prepare a defense and complains that he is now being "forced to develop a defense several years after the alleged robbery took place."[21] Kincade still does

---

[16] *Manning*, 56 F.3d at 1194 (internal citations omitted).

[17] ECF No. 238 at 8–9.

[18] *Id.* at 9.

[19] *Id.*

[20] *Id.* at 9–10.

[21] ECF No. 259 at 4.

not explain how the eyewitnesses' testimony has changed or how it would have been more favorable to his defense had he been charged earlier, nor does he elaborate on his alibi argument.  In short, I agree with the magistrate judge's well-reasoned findings and conclusions and Kincade fails to persuade me that these findings are incorrect.  I therefore deny Kincade's motion to dismiss based on pre-indictment delay.

### C.     Confrontation Clause and Speedy-trial violations

Kincade argues that the government's delay also violated his Sixth Amendment right to confront witnesses against him and his right to a speedy trial.  The magistrate judge found that Kincade's confrontation argument is encompassed by his Fifth Amendment due-process claim and that, because he fails to show actual prejudice as a result of pre-indictment delay, he also has not shown that his right to confront the witnesses against him has been compromised.[22]  As to Kincade's speedy-trial claim, the magistrate judge found that the nine-month post-indictment delay in this case is sufficiently lengthy to trigger the *Barker* inquiry, but not to excuse Kincade from showing actual prejudice.[23]  Because Kincade fails to show actual prejudice in his ability to defend against the 2011 robbery charge and the government did not act in bad faith, the magistrate judge concluded that dismissal of the indictment is not warranted.[24]

Kincade objects, arguing that the magistrate judge erred in finding that his ability to defend himself on the 2011 charge was not actually prejudiced.[25]  I agree with Magistrate Judge Foley that, because Kincade fails to show that his defense was actually impaired, the length of delay in this case and the reasons for it do not warrant dismissal of the indictment.[26]  Kincade's motion to dismiss based on confrontation-clause and speedy-trial violations is denied.

---

[22] ECF No. 238 at 10.

[23] *Id.* at 11–12.

[24] *Id.* at 12.  *See also* ECF No. 14–20.

[25] ECF No. 259 at 5.

[26] *See also* ECF No. 276 at 3–7.

**D.     Dismissal under Rule 48(b) and the court's supervisory powers**

The magistrate judge recommends against dismissal under Rule 48(b), reasoning that, although the government caused some unnecessary post-indictment delay, that delay was not more than a few months and Kincade fails to show actual prejudice resulting from it.[27] Because Kincade fails to show that he suffered substantial prejudice that would justify dismissal under the Sixth Amendment speedy-trial clause or Rule 48(b), the magistrate judge also concluded that dismissal under the court's supervisory powers is not warranted.

Kincade again conclusorily objects: he argues—without explanation—that he has suffered actual prejudice sufficient to justify dismissal under Rule 48(b) or the court's supervisory powers. Because Kincade still fails to explain how his ability to defend himself against the September 2011 robbery charge has been prejudiced—despite multiple opportunities to do so—I find that dismissal under Rule 48(b) and the court's supervisory powers is not warranted.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Kincade's objections to the magistrate judge's report and recommendation **[ECF No. 259] are OVERRULED**, Magistrate Judge Foley's report and recommendation **[ECF No. 238] is ADOPTED**, and Kincade's motion to dismiss the second superseding indictment **[ECF No. 169] is DENIED.**

Dated this 4th day of April, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[27] ECF No. 238 at 14.