**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Robert Kincade,<br><br>    Defendant | **2:15-cr-00071-JAD-GWF**<br><br>**Order Denying Motion in Limine**<br><br>[ECF No. 272] |

Defendant Robert Kincade is charged with three counts of federal bank robbery and two firearm charges. Trial on the two 2014 robberies and accompanying § 924(c) charges is scheduled for May 23, 2017, and trial on the severed 2011 robbery count is scheduled for August 8, 2017. Kincade moves to preclude (1) the government's agents from testifying as experts, (2) the introduction of all of Kincade's jailhouse phone calls to his girlfriend, and (3) any reference to the 2011 robbery.[1] I deny all three of Kincade's requests.

## Discussion

**A.    Motions in limine**

The Federal Rules of Evidence do not explicitly authorize motions in limine, but under the district courts' trial-management authority, judges can rule on pretrial evidentiary motions.[2] Limine rulings are provisional; they are "not binding on the trial judge [who] may always change [her] mind during the course of a trial."[3] Denying a motion in limine does not guarantee that all evidence raised

---

[1] ECF No. 272.

[2] *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).

[3] *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in-limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

in the motion will be admissible at trial;[4] it "merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."[5]

### 1. *Government agent testimony*

Kincade moves to preclude "the government's agents from offering expert testimony and opinions" and from "offering testimony regarding characteristics of bank robbers generally, describing the suspect's physical appearance, modus operandi, describing the robberies as caught on tape, or any other issue that would invade the province" of the jury.[6] The government responds that it has not noticed and does not intend to call any of the case agents as experts, that the described testimony would be based on the agents' training and experience and is relevant in terms of how the investigation unfolded and is thus admissible, and that Kincade's request is both vague and premature.[7]

I agree that Kincade's request is both vague and premature at this juncture, and it may ultimately be moot depending on whom the government calls at trial and what line of questioning it pursues. Without the context of trial, I am unable to determine that all of the case agents' testimony describing robberies in general, the robberies in this case, or the resulting investigation would be improper, as urged by Kincade. I therefore decline Kincade's request to preclude case-agent testimony at this time. Should the government seek to elicit testimony at trial that Kincade believes to be in appropriate, Kincade's remedy is to timely object.

### 2. *Jailhouse phonecalls*

Kincade's next request is even broader: he moves to exclude *all* jailhouse calls between himself and his girlfriend, arguing that they contain irrelevant domestic disputes that unfairly

---

[4] *Tracey v. Am. Family Mut. Ins. Co.*, 2010 WL 3724896 (D. Nev. 2010) (quoting *Ind. Ins. Co.*, 326 F. Supp. 2d at 846).

[5] *Id.* (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (internal quotation marks omitted).

[6] ECF No. 272 at 2.

[7] ECF No. 297 at 1–2.

prejudice Kincade.[8] The government responds that it has identified only one call that it anticipates presenting at trial.[9] I have listened to the recording of the phone call, and I find that portions of the call—like those in which Kincade asks his girlfriend if she has been able to locate a witness on the bank surveillance video—are relevant as evidence of consciousness of guilt. Kincade contends that the government "misunderstands the call."[10] But both parties will be free to argue their interpretation of the call at trial; that Kincade disputes the government's characterization of the phone call does not warrant exclusion at this juncture. I also find that the recording can be edited so that any irrelevant and unfairly prejudicial portions of the phone call—such as Kincade and his girlfriend squabbling and cursing at each other—is excluded. I therefore deny Kincade's request to preclude all jailhouse phone calls at this time. The parties are instructed to meet and confer before trial in an effort to agree on as much redaction as possible.

### 3. The 2011 robbery

Finally, Kincade moves to preclude any reference to the severed 2011 robbery count. The government represents that it does not intend to reference the 2011 robbery at trial, and it requests that I deny Kincade's request as moot. Kincade indicates that he anticipates that the government may attempt to offer the 2011 robbery as impermissible propensity evidence.[11] Because the government represents that it does not intend to reference or offer any evidence of the 2011 robbery at Kincade's trial on the 2014 charges, and it has not noticed Kincade of its intention to do so, I deny as moot this portion of Kincade's request.[12]

---

[8] ECF No. 272 at 3.

[9] Kincade filed his motion in limine before the government filed its exhibit list, which explains the broad nature of Kincade's request.

[10] ECF No. 305 at 3.

[11] ECF No. 272 at 4.

[12] I previously granted Kincade's motion to preclude evidence of Kincade's 2007 conviction for four bank robberies that occurred in June and July of 2005 and evidence of two uncharged bank robberies that occurred in November and December 2014. ECF No. 231. The government did not notice its intention to introduce evidence of the 2011 robbery along with those other robberies, and I did not

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Kincade's motion in limine **[ECF No. 272] is DENIED.**

Dated this 11th day of April, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

discuss its admissibility in that order.