# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ROBERT KINCADE,

        Defendant.

Case No.: 2:15-cr-00071-JAD-GWF

**FINDINGS & RECOMMENDATIONS**

**Re: Motion to Dismiss (ECF No. 273)**

      This matter is before the Court on Defendant Robert Kincade's Motion to Dismiss Counts Three and Five of the Third Superceding Indictment Charging Brandishing of a Firearm During and in Relation to a "Violent Crime" Under 18 U.S.C. § 924(c) (ECF No. 273), filed on February 20, 2017. The Government filed its Response (ECF No. 298) on March 6, 2017, and Defendant filed his Reply (ECF No. 307) on March 13, 2017. The Court conducted a hearing in this matter on March 17, 2017.

## **BACKGROUND AND DISCUSSION**

      Defendant Robert Kincade is charged in Count Two of the Third Superceding Indictment (ECF No. 135) with interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) (the "Hobbs Act"). Count Two alleges that Defendant took property from credit union tellers and against their will, "by means of actual or threatened force or violence." *Id.* at pg. 2. In Count Three, he is charged with brandishing a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) in relation to the crime charged in Count Two. Defendant is charged in Count Four with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Count Four alleges that

Defendant took money from bank tellers, "by force and violence and by intimidation." *Id.* at pg. 3. In Count Five, he is charged with brandishing a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) in relation to the crime charged in Count Four.

18 U.S.C. § 924(c)(3) defines a "crime of violence" as follows:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and —
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subparagraph (A) is referred to as the "force clause" or "elements clause." Subparagraph (B) is referred to as the "residual clause."

Defendant argues that prior decisions which hold that Hobbs Act robbery and bank robbery are "crimes of violence" as defined in § 924(c)(3) are no longer valid in light of the Supreme Court's decisions in *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551 (2015) and *Mathis v. United States*, — U.S. —, 136 S.Ct. 243 (2016). Defendant argues that because neither interference with interstate commerce under 18 U.S.C. § 1951 or bank robbery under 18 U.S.C. § 2113(a) are categorically "crimes of violence," Counts Three and Five must be dismissed. The Government argues that *Johnson* and *Mathis* do not overrule prior precedent and that Defendant is properly charged in Counts Three and Five.

**1. Hobbs Act Robbery, 18 U.S.C. § 1951(a).**

18 U.S.C. § 1951(a) states that "[w]hoever in any way or degree obstructs, delays, or affects commerce . . . by robbery or extortion, or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." § 1951(b) defines "robbery" as the "unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his

company at the time of the taking or obtaining."

In *United States v. Howard*, 650 Fed.Appx. 466 (9th Cir. 2016) as amended (June 24, 2016) (unpublished memorandum decision), the court stated:

> Focusing on the Hobbs Act's "actual or threatened force, or violence" language, we have previously stated that Hobbs Act "'[r]obbery indisputably qualifies as a 'crime of violence' under § 924(c). *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993)." Howard, however, argues that because Hobbs Act robbery may also be accomplished by putting someone in fear of injury, it does not necessarily involve "the use, attempted use or threatened use of physical force," 18 U.S.C. § 924(c)(3)(A). Howard's arguments are unpersuasive and are foreclosed by *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990). In *Selfa* we held that the analogous federal bank robbery statute, which may be violated by "force and violence, or by *intimidation*," 18 U.S.C. § 2113(a), (emphasis added), qualifies as a crime of violence under U.S.S.G. § 4B1.2, which uses the nearly identical definition of "crime of violence" as § 924(c). *Selfa*, 918 F.2d at 751. We explained that "intimidation" means willfully "to take, or attempt to take, in such a way that would put an ordinary, reasonable person *in fear of bodily harm*," which satisfies the requirement of a "threatened use of physical force" under § 4B1.2. *Id.* (emphasis added) (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). Because bank robbery by "intimidation" —which is defined as instilling fear of injury— qualifies as a crime of violence, Hobbs Act robbery by means of "fear of injury" also qualifies as a crime of violence.

*Id.* at *468.

*Howard* noted that crimes that require only a *de minimis* use of force do not qualify as crimes of violence under U.S.S.G. 2L1.2. *Id.* at *470 n. 1 (citing *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 921 (9th Cir. 2014), *United States v. Flores–Corero*, 723 F.3d 1085, 1088 (9th Cir. 2013), and *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016)). Because the defendant did not argue that Hobbs Act robbery can be accomplished through *de minimis* use of force, the court took "no position on that issue or the applicability of these precedents to Hobbs Act robbery." *Id.*

In *United States v. Mendez*, the court applied the "modified categorical approach" in holding that conspiracy to commit Hobbs Act robbery is a crime of violence. The court stated:

> When a statute defines a crime using several permutations, any one of which constitutes the same offense, employing the categorical approach to determine whether the offense is a "crime of violence" becomes more complicated. Section 1951 is such a statute. A person may be convicted for violating § 1951 if he interferes with interstate commerce by robbery, extortion, attempting or conspiring to rob or extort, or committing or threatening violence in furtherance of a plan to violate

> the statute. Thus, the question arises whether every permutation of §
> 1951 must be a "crime of violence" to find categorically that a § 1951
> offense is a "crime of violence," or whether a categorical finding
> requires only that the particular permutation for which the defendant is
> convicted be a "crime of violence."

992 F.2d at 1490.

In answering that question, the court relied on *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990), which applied the "modified categorical approach" to a bank robbery charge under 18 U.S.C. § 2113(a). *Selfa* held that under the first paragraph of § 2113(a), bank robbery can be committed "by force and violence, or by intimidation" which satisfies the definition of a "crime of violence" under § 4B.1 of the Sentencing Guidelines. Under the second paragraph of the statute, however, bank robbery can be committed by entering a bank with the intent to commit a felony, which is not a crime of violence. *Id.* at 752 n. 2. In holding that the defendant's bank robbery conviction was a "crime of violence," *Selfa* stated that "the presentence report clearly shows that it was based upon a review of the charging documents, which showed that this defendant had been convicted of actual bank robbery pursuant to the first paragraph of 18 U.S.C. § 2113(a)." *Id.* In *Mendez*, the court also looked to the indictment which charged the defendant with conspiracy to commit robbery which satisfied the requirements for a crime of violence under the residual clause of § 924(c)(3). 992 F.2d at 1491–92.[1]

---

[1]The Third Circuit and district court decisions from other circuits have recently stated that the categorical approach should not be used in determining whether a predicate offense qualifies as a crime of violence under 18 U.S.C. § 924(c). Unlike the Armed Carrier Criminal Act, 18 U.S.C. § 924(e), or sentencing enhancements under the Sentencing Guidelines, which require the court to determine whether a prior conviction qualifies as a "violent felony" or "crime of violence," a § 924(c) charge is tried with the underlying predicate offense. The jury can thus determine from the evidence whether the predicate crime committed by the defendant meets the definition of a crime of violence. *See United States v. Robinson*, 844 F.3d 137, 141–42 (3rd Cir. 2016); *United States v. Hernandez*, 2017 WL 111730, *2–3 (D. Maine Jan. 11, 2017).

In *United States v. Smith*, 2016 WL 2901661, *3 (D.Nev. May 18, 2016), the court stated that "the Ninth Circuit has consistently held that the categorical analyses apply to § 924(c) crime-of-violence determinations both at trial and at sentencing 'without regard to whether the given offense is a prior offense or the offense of conviction.'" The court cited *United States v. Piccolo*, 441 F.3d 1084, 1086 (9th Cir. 2006); *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995); and *United States v. Mendez*, 992 F.2d at 1489. Based on this Ninth Circuit precedent, the court declined to follow decisions that reject the categorical approach in § 924(c) cases. Other district courts in the Ninth Circuit have reached the same conclusion. *See United States v. Watson*, 2016 WL 866298, *6 n. 4 (D. Hawaii March 2, 2016) and *United States v. Bell*, 2016 WL 344749, *2 (N.D.Cal. Jan. 28, 2016).

In *Descamps v. United States*, — U.S. —, 133 S.Ct. 2276 (2013), the Supreme Court clarified the circumstances in which the trial court may apply the "modified categorical approach." The Court stated that "the modified categorical approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." *Id.* at 2283. *Descamps* held that the modified categorical approach can only be applied to a divisible statute, one in which the offense can be committed by alternative elements. With regard to such statutes, the court may use the modified categorical approach to determine whether the defendant was convicted of an offense whose elements constitute a crime of violence. The modified categorical approach cannot be used, however, to inquire into the facts underlying a conviction under an over-inclusive, non-divisible statute to determine whether the defendant engaged in conduct that would qualify as a crime of violence.

In *United States v. Smith, supra*, Judge Dorsey applied *Descamps*, as further explained in *United States v. Dixon*, 805 F.3d 1193, 1198 (9th Cir. 2015), in holding that the Hobbs Act is a divisible statute. The court stated:

> The Supreme Court has approved the use of the modified categorical approach to determine whether the violation of a divisible statute qualifies as a crime of violence. To be divisible, a statute must contain "multiple alternative elements of functionally separate crimes." "A statute is not divisible merely because it is worded in the disjunctive. Rather, a court must determine whether a disjunctively worded phrase supplies 'alternative elements' which are essential to a jury's finding of guilt or 'alternative means' which are not." "If a statue contains alternative elements, a prosecutor 'must generally select the relevant element from its list of alternatives. And the jury, as instructions in the case will make clear, must then find that element, unanimously and beyond a reasonable doubt.
>
> The Hobbs Act is a divisible statute. Section 1951(a) contains disjunctive phrases that essentially create six functionally separate crimes: interference with commerce by robbery, interference with commerce by extortion, attempt to interfere with commerce by robbery, attempt to interfere with commerce by extortion, conspiracy to interfere with commerce by robbery, and conspiracy to interfere with commerce by extortion. Section 1951(b) which further defines "robbery" for purposes of § 1951(a) is also disjunctive, but it does not contain alternative elements on which a jury must agree.

2016 WL 2901161, at *4.

. . .

The court went on to hold that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause. *Id.* at *4–5. The court stated that "placing someone 'in fear of injury, immediate or future' to his person or property necessarily requires the use or attempted use of physical force and thus satisfies the force clause." *Id.* at *4, n. 47 (citing *United States v. Castleman*, — U.S. —, 134 S.Ct. 1405, 1416–17 (2014)). The court also stated that the requirement that the taking be from the person or in his presence further supports the conclusion that a fear of injury means a fear of physical injury, which requires the threatened use of physical force. *Id.* The court cited several district court decisions which have reached the same conclusion and whose reasoning is persuasive. *Id.* at n. 49. *United States v. Smith* is fully consistent with the Ninth Circuit's decision in *Howard*, *supra*. Judge Dorsey is also the trial judge in this case. It is fair to assume that she will not depart from her previous analysis, unless persuaded that it is no longer valid pursuant to subsequent binding precedent, or well-reasoned and persuasive decisions to the contrary.

Defendant argues that *Mathis v. United States*, — U.S. —, 136 S.Ct. 2243 (2016) is such a subsequent precedent. The Supreme Court in *Mathis* emphasized that the modified categorical approach may not be used "when a statute, instead of merely laying out a crime's elements, lists alternative means of fulfilling one or more of them." *Id.* at 2253. *Mathis* listed a number of ways by which courts can distinguish between elements and means. One way is an authoritative and definitive court ruling stating whether the statute sets forth alternative elements or only alternative means. Other ways include whether the statutory alternatives carry different punishments, in which case they must be elements. Conversely, if a statutory list only offers illustrative examples as to how the crime may be committed, they are only means. The statute may itself identify which things must be charged, and therefore are required elements of the offense. *Id.* at 2256. Additionally, the court may take a peak at the [record] documents for "'the sole and limited purpose of determining whether [the listed items are] elements of the offense.'" *Id.* at 2256–57. "[A]n indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each of which goes toward a separate crime." *Id.* at 2257. If such records are not clear in identifying the alternatives as required elements, then the court cannot find that the statute is divisible. *Id.*

6

1  Not surprisingly, *Mathis's* distinction between elements and means has ignited new challenges
to the application of the modified categorical approach. In *United States v. Cooch*, 850 F.3d 285 (6th
Cir. 2017), the Sixth Circuit held that *Mathis* does not alter its conclusion that the Hobbs Act is a
divisible statute and that Hobbs Act robbery is a crime of violence under the force clause. The court
states:

> Defendant relies on *Mathis v. United States* to argue that the Hobbs Act is indivisible because robbery and extortion are alternative means of violating the statute rather than distinct offenses. — U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). In *Mathis*, the Supreme Court considered a state burglary statute containing "alternative ways of satisfying a single locational element," *id.* at 2250, and held that crimes of conviction encompassing a wider range of conduct than the generic offense cannot qualify as predicate offenses for sentencing enhancement under the Armed Carrier Criminal Act, *id.* at 2251. A single crime of conviction under the Hobbs Act could not satisfy the element of both robbery and extortion: the former requires a taking from another "against his will," while the latter is a taking "with his consent." *See* 18 U.S.C. § 1951(b)(1)–(2). This difference goes not to the mere means of violating the Hobbs Act, but to "the 'constituent parts' of [the] crime's legal definition—the things the prosecution must prove to sustain a conviction.'" *Id.* at 2248 (quoting Black's Law Dictionary 634 (10th Ed. 2014)). Accordingly, *Mathis* is inapplicable.

850 F.3d at 291.

The Sixth Circuit applied the same analysis as *Howard* and *United States v. Smith, supra*, in holding that Hobbs Act robbery is categorically a crime of violence under the force clause. *Cooch*, 850 F.3d at 291–92. *United States v. Martinez*, 2017 WL 1092314, *8 n. 12 (E.D. Pa. March 3, 2017), states that "there appears to be a building consensus among the federal courts of appeal that Hobbs Act robbery is a crime of violence for purposes of § 924(c) under the statute's 'elements clause' 18 U.S.C. § 924(c)(3)(A) . . . ." In *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017), the Fifth Circuit also recently held that Hobbs Act robbery is crime of violence under the force clause.

Although Defendant Kincade does not appear to make the argument, recent district court decisions have also held that Hobbs Act robbery cannot be committed with a *de minimus* use of force. In *United States v. Casas*, 2017 WL 1008109, *3 (C.D.Cal. March 14, 2017), the court, quoting *Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 187 (2007), states that in applying the categorical approach, "there must be a 'realistic probability, not a theoretical possibility,' that a statute would be

7

applied in a way that falls outside the generic definition of a crime." The defendant must demonstrate that either in her own case or in other cases the statute was applied in a manner that shows it can be committed with a *de minims* use of force. The defendant in *Casas* did not identify any case in which a person was convicted of Hobbs Act robbery with a *de minimus* use of force. In *Gaines v. United States*, 2017 WL 1227906, *6 (C.D.Cal. April 3, 2017), the court stated that the defendant's examples of crimes committed without the "fear of injury" were not Hobbs Act robberies, and that he failed to demonstrate that there is a "realistic probability" that the elements of Hobbs Act robbery can be met without also qualifying as a violent crime.

The foregoing decisions provide persuasive authority, post–*Mathis*, that the Hobbs Act is a divisible statute and that Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A). Defendant's motion to dismiss Count Three of the Third Superceding Indictment should therefore be denied.

### 2. <u>Bank Robbery, 18 U.S.C. § 2113(a)</u>.

As discussed in the preceding section, the court in *United States v. Selfa*, 918 F.2d, at 751–52, held that a conviction for bank robbery under 18 U.S.C. § 2113(a) is a crime of violence if it is based on the use of force and violence, or intimidation. Although the court did not use the words "divisible statute," it clearly treated § 2113(a) as a divisible statute. *Id.* at 750, n. 1. In *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000), the court also held that bank robbery qualified as a crime of violence under the force cause of § 924(c)(3)(A) "because one of the elements of the offense is the taking 'by force and violence, or by intimidation.' 18 U.S.C. § 2113(a)." In an unpublished memorandum decision in *United States v. Jordan*, 2017 WL 975980, *1 (9th Cir. March 14, 2017), the court, applying the plain error doctrine, stated that "[u]nder our current case law, § 2113(a) bank robbery categorically qualifies as a 'crime of violence' under § 924(c)(3)(A). *See United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000), *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990)." *Jordan* further states that "*Johnson v. United States*, 559 U.S. 133 (2010), *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Mathis v. United States*, 136 S.Ct. 243 (2016), have not so clearly displaced our earlier precedents as to warrant plain error reversal." *Id.*

In unpublished decisions, the Sixth and Tenth Circuits have also recently held that § 2113(a) is

a divisible statute. *See United States v. McCombs*, 2016 WL 6994235, *2 (6th Cir. Nov. 3, 2016); *United States v. McGuire*, 2017 WL 429251 (10th Cir. Feb. 1, 2017). *McGuire* states that "[s]ection 2113(a) includes at least two sets of divisible elements: (1) taking, or attempting to take, by force, violence, or intimidation, property from a bank; and (2) entering or attempting to enter any bank, credit union, or savings and loan association with the intent to commit a felony. *See also United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (noting that § 2113(a) 'seems to contain a divisible set of elements, only some of which constitute violent felonies')." *Id.* at *3 n. 4. In *United States v. Hope*, 2017 WL 1164352, *12 (D. Mont. March 28, 2017), the district court also holds that § 2113(a) is a divisible statute and that bank robbery committed by force, violence or intimidation is a violent felony under force clause of the ACCA.

The weight of legal authority since *Mathis* treats 18 U.S.C. § 2113(a) as a divisible statute and continues to hold that a conviction based on the use of force, violence or intimidation constitutes a crime of violence under § 924(c)(3)(A). Because Count Four of the Third Superceding Indictment charges Defendant Kincade with committing bank robbery "by force and violence and by intimidation," it also properly charges him with brandishing a firearm during a crime of violence in violation of § 924(c)(1)(A)(ii). Defendant's motion to dismiss Count Five of the Third Superceding Indictment should therefore be denied.

### 3. Constitutionality of 18 U.S.C. § 924(c)(3)(B).

In *United States v. Smith, supra*, the district court was required to decide the constitutionality of § 924(c)(3)(B) based on its determination that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under the force clause. 2016 WL 2901661, at *5. The court further held that it was bound by the Ninth Circuit's decision in *Dimaya v. Lynch*, 803 F. 3d 1110 (9th Cir. 2015), which held that the residual clause in 18 U.S.C. § 16 is unconstitutionally vague pursuant to *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551 (2015). Because the residual clause in § 924(c)(3)(B) is identical to that in 18 U.S.C. § 16, *Smith* held that the latter statute is necessarily also unconstitutional. The Supreme Court has since granted certiorari to review *Dimaya*. *See Lynch v. Dimaya*, 137 S.Ct. 31 (2016). This Court does not have to decide the constitutionality of the residual clause, however, because the Hobbs Act robbery and bank robbery charges against Defendant

Kincade qualify as crimes of violence under the force clause in 18 U.S.C. § 924(c)(3)(A).

## CONCLUSION

Hobbs Act robbery under 18 U.S.C. § 1951(a) and bank robbery under 18 U.S.C. § 2113(a) constitute crimes of violence under 18 U.S.C. § 924(c)(3)(A) if the convictions are based on the use of force, violence, intimidation, or the threat of physical injury to person or property. Counts Two and Four of the Third Superceding Indictment charges Defendant Kincade with having committed such crimes. Counts Three and Five therefore properly charge him with brandishing a firearm during the commission of crimes of violence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii). Accordingly,

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss Counts Three and Five of the Third Superceding Indictment Charging Brandishing of a Firearm During and in Relation to a "Violent Crime" Under 18 U.S.C. § 924(c) (ECF No. 273) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 12th day of April, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge