|   |   |   |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | |
| | **DISTRICT OF NEVADA** | |
| United States of America, | | 2:15-cr-00071-JAD-GWF |
| Plaintiff | | **Order Overruling Objections, Adopting Report and Recommendation, and Denying Motion** |
| v. | | |
| Robert Kincade, | | **[ECF Nos. 273, 341, 351]** |
| Defendant | | |

Robert Kincade is charged with several crimes stemming from a bank robbery.[1] He now moves to dismiss two counts in his indictment, both brought under 18 U.S.C. § 924(c). Section 924(c) imposes a mandatory sentence for using a firearm during a "crime of violence." The parties' dispute here centers on whether there are two charges in Kincade's indictment that qualify as crimes of violence to trigger his § 924(c) charges. If not, then the § 924(c) charges are improper.

The government points to two charges in Kincade's indictment to serve as the predicate § 924(c) crimes of violence: (1) interference with commerce by robbery under the Hobbs Act, 18 U.S.C. § 1951 ("Hobbs Act robbery"), and (2) armed bank robbery under 18 U.S.C. § 2113. In a thorough and well-reasoned report, Magistrate Judge Foley recommends that I deny Kincade's motion and hold that these charges do indeed qualify as § 924(c) predicate crimes of violence.[2]

Kincade objects.[3] He contends that Supreme Court authority, particularly *Johnson v. United States*—in which the Supreme Court struck down the residual clause of the Armed Career Criminal Act as unconstitutional—changed § 924(c)'s standard, which also has a residual clause. Under this new standard, Kincade argues, Hobbs Act robbery and armed bank robbery no longer qualify as crimes of violence. But the overwhelming weight of authority suggests that these charges qualify as

---

[1] ECF No. 135.

[2] ECF No. 341.

[3] ECF No. 351.

crimes of violence under 924(c) regardless of whether *Johnson* impacted 924(c)'s residual clause—and I agree. Having reviewed the objected-to portions of Judge Foley's findings and conclusions *de novo*, I overrule Kincade's objections, adopt Judge Foley's report and recommendation, and deny Kincade's motion to dismiss.

## II. Discussion

**A. Standards of review**

A district court reviews objections to a magistrate judge's proposed findings and recommendations de novo.[4] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[5] The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion.[6] Local Rule IB 3-2(b) requires *de novo* consideration of specific objections only.[7]

**B.  Both of Kincade's predicate charges qualify as § 924(c) crimes of violence.**

Section 924(c) criminalizes using or carrying a firearm in relation to a "crime of violence" and imposes mandatory, consecutive minimum sentences. An offense may qualify as a crime of violence under § 924(c) under either of two clauses. Section 924(c)(3)(A), also known as the statute's "force clause," includes a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 924(c)(3)(B), known as the "residual clause" of the statute, encompasses any felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

---

[4] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).

[5] *Id.*

[6] *Id.* (stating that a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise") (emphasis in original).

[7] *See* L.R. IB 3-2(b) (requiring *de novo* consideration of specific objections only); *Carillo v. Cate,* 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (noting that "generalized objections" do not require *de novo* review).

In *Johnson v. United States*, the Supreme Court tested the constitutionality of the residual clause of another subsection of § 924—§ 924(e), known as the Armed Career Criminal Act ("ACCA"). Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,' a term defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'"[8] The High Court evaluated the clause's violent-felony definition using the "framework known as the categorical approach," which "assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'"[9] It concluded that "the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates," and held it void for vagueness.[10]

Kincade argues that Judge Foley ignored *Johnson* and other cases by concluding that Hobbs Act robbery and armed bank robbery qualify as crimes of violence under § 924(c).[11] He reasons that *Johnson* renders not only § 924**(e)**'s residual clause invalid, but also § 924**(c)**'s—and that Hobbs Act robbery and armed bank robbery cannot meet the requirements of § 924(c)'s remaining force clause. But even if I were to conclude that 924(c)'s residual clause is unconstitutional under *Johnson*, Kincade's predicate charges still qualify as crimes of violence under § 924(c)'s force clause.

**1.    Hobbs Act robbery**

Kincade contends that Hobbs Act robbery can be committed by merely instilling "fear" in a victim and that this does not equate to § 924(c)'s definition. He also argues that Hobbs Act robbery can be committed with de minimis force, which is not enough to be "violent force."

---

[8] *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[9] *Id*. at 2557 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

[10] *Id*. at 2558.

[11] ECF No. 351 at 2. Kincade is also charged with one count of bank robbery (count one) under 18 U.S.C. 2113(a) and (2), *see* ECF No. 135 at 1–2, but that count has been bifurcated into a separate trial and does not have a corresponding § 924(c) charge. For these reasons, I do not discuss count one in this order.

The Ninth Circuit confirmed as recently as last year that Hobbs Act robbery qualifies as a crime of violence under section 924(c)'s force clause.[12] In *U.S. v. Howard*, the court explained in an unpublished decision that there is no way to commit Hobbs Act robbery without putting the victim in fear of *bodily* harm—and that this sort of fear qualifies as actual or threatened physical force under § 924(c).[13] I, too, recently explained at length why a conviction for Hobbs Act robbery qualifies as a crime of violence under § 924(c): by "placing someone 'in fear of injury' to his person or property," the defendant uses the sort of "physical force" that satisfies § 924(c).[14] Kincade has not persuaded me otherwise. And the Ninth Circuit and I are not outliers in this viewpoint. District courts and other circuit courts—both before and after *Johnson*—overwhelmingly agree that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause.[15]

As to whether one can commit Hobbs Act robbery with too little force to qualify as the sort of violent force contemplated by § 924(c), I agree with the weight of authority that finds this argument

---

[12] *United States v. Howard*, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016) (unpublished), *as amended* June 24, 2016 (holding that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c) by comparing it to federal bank robbery under § 2113(a) and relying on *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990)).

[13] *Id.* at 1–2.

[14] *United States v. Smith*, 2016 WL 2901661, at *4 (D. Nev. May 18, 2016).

[15] *See*, *e.g.*, *U.S.A. v. Dorsey*, 2016 WL 3381218, at *2 (C.D. Cal. June 8, 2016); *United States v. Bundy*, 2016 WL 8730142, at *24 (D. Nev. Dec. 30, 2016); *United States v. Hill,* 832 F.3d 135, 144 (2d Cir. 2016); *In re Saint Fleur,* 824 F.3d 1337, 1340 (11th Cir. 2016); *United States v. Crawford*, 2016 WL 320116, *3 (N.D. Ind. Jan. 27, 2016) (denying defendant's motion to dismiss indictment charging him with § 924(c) offense based on a Hobbs Act robbery); *United States v. Pena*, 2016 WL 690746, *8 (S.D.N.Y. Feb. 11, 2016) (same); *United States v. Coleman*, 2016 WL 1435696, *2-3 (N.D. Ill. Apr. 12, 2016) (same); *United States v. Williams*, 179 F. Supp. 3d 141, 144–55 (D. Me. Apr. 15, 2016) (same); *United States v. McCallister*, 2016 WL 3072237, *1 (D.D.C. May 31, 2016) (same); *United States v. Barrows*, 2016 WL 4010023, *2–6 (D. Nev. July 25, 2016) (same); *United States v. Nguyen*, 2016 WL 4479131, *2–3 (D. Kan. Aug. 25, 2016); *United States v. Davis*, 2016 WL 6473074, *4 (N.D. Cal. Nov. 2, 2016); *see also United States v. Evans,* __ F.3d __, No. 16-4094 (4th Cir. Feb. 2, 2017) (holding that federal carjacking, which can be accomplished "by force and violence or by intimidation," qualifies as a crime of violence under § 924(c)).

"wholly unavailing."[16] Even if there is some theoretical possibility that Hobbs Act robbery may be committed with de minimis force—and I am not persuaded there is—Kincade must demonstrate that there is "a realistic probability, not a theoretical possibility" that this is so.[17] "To show that realistic probability, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the [ ] courts in fact did apply the statute in the . . . manner for which he argues."[18]

Kincade has not demonstrated a reasonable likelihood that anyone can be convicted for Hobbs Act robbery using de minimis force. He does not offer a single case in which someone was convicted for Hobbs Act robbery using de minimis force. Instead, he relies on hypothetical crimes, none of which demonstrates that criminal defendants using de minimis force are being convicted of Hobbs Act robbery.[19] I therefore agree with Judge Foley that Kincade's Hobbs Act robbery charge qualifies as a § 924(c) crime of violence.

**2.  Armed bank robbery**

The analysis of Kincade's armed bank robbery charge under § 2113(a) is similar. Hobbs Act robbery and federal bank robbery are the same for our purposes. Hobbs Act robbery criminalizes "actual or threatened force, or violence, or fear of injury"; federal bank robbery criminalizes "force and violence" or "intimidation."[20] Kincade has not persuaded me that armed bank robbery is

---

[16] *United States v. Johnson*, 2016 WL 7223264, at *3 (C.D. Cal. Dec. 12, 2016); *see also United States v. Casas*, 2017 WL 1008109, at *3 (S.D. Cal. Mar. 14, 2017); *United States v. Bailey*, 2016 WL 3381218, at *4-5 (C.D. Cal. June 8, 2016); *United States v. Lenzy*, 2016 WL 1019712, at *3 (N.D. Ga. Feb. 4, 2016); *United States v. Williams*, 179 F. Supp. 3d 141, 151-52 (D. Me. 2016).

[17] *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1685 (2013) (quotation omitted).

[18] *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

[19] ECF No. 273 at 6–8.

[20] The statute states: "(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; . . . . . shall be fined not more than $5,000 or imprisoned not more than twenty years, or both." 18 U.S.C. § 2113(a).

distinguishable.

And in any event, the overwhelming weight of authority, again, holds that armed bank robbery qualifies as a crime of violence. In *United States v. Selfa,* the Ninth Circuit held that armed bank robbery qualifies as a crime of violence, albeit in the context of the similarly worded federal sentencing guidelines.[21] The court reasoned that "intimidation" in the context of § 2113(a) means that the defendant placed his victim not just in fear generally, but fear of "bodily harm"—in other words, a threat of "physical force against" his person.[22] A decade later, the Ninth Circuit held in *United States v. Wright* that "armed bank robbery qualifies as a crime of violence" under § 924(c)'s force clause because one of the elements of the offense is a taking 'by force and violence, or by intimidation.'"[23] The Ninth Circuit has affirmed these holdings in various unpublished decisions.[24] And numerous district courts and other circuit courts have joined in, holding that armed bank robbery qualifies as a crime of violence under § 924(c)'s force clause even after *Johnson*.[25] I therefore affirm Judge Foley's recommendation that Kincade's armed bank robbery charge qualifies

---

[21] *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (holding that "persons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1").

[22] *Id.*

[23] *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000).

[24] *See, e.g., United States v. Steppes*, 651 F. App'x 697, 698 (9th Cir. 2016) (unpublished).

[25] *See, e.g.*, *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016) ("We . . . hold now that a bank robbery conviction under § 2113(a) by force and violence or by intimidation qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause."); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir.), cert. denied, 137 S. Ct. 164 (2016), and cert. denied sub nom. *Stoddard v. United States*, 137 S. Ct. 164 (2016) ("bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3)"); *McFarland v. United States*, 2017 WL 810267, at *7 (C.D. Cal. Mar. 1, 2017) ("Section 2113(a) and (d) categorically qualify as crimes of violence under Section 924(c)(3)(A)"); *United States v. Abdul-Samad*, 2016 WL 5118456, at *4 (S.D. Cal. Sept. 21, 2016) ("The conclusion of the Court of Appeals in *Wright* that bank robbery under § 2113(a) is a crime of violence under the elements/force clause in § 924(c)(3)(A) is not affected by the decision of the Supreme Court in *Johnson* invalidating the residual clause of the definition of "violent felony."); *United States v. Watson*, 2016 WL 866298, at *7 (D. Haw. Mar. 2, 2016) (holding that "Section 2113(a) and (d) categorically qualifies as a crime of violence under Section 924(c)(3)(A)").

as a predicate crime of violence under § 924(c).

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Kincade's objections to Magistrate Judge Foley's report and recommendation **[ECF No. 351] are OVERRULED**; Judge Foley's report and recommendation **[ECF No. 341] is ADOPTED**; Kincade's motion to dismiss **[ECF No. 273] is DENIED.**

Dated May 16, 2017

_____
Jennifer A. Dorsey
United States District Judge