# FILED
## UNDER
# SEAL

| | |
|---|---|
| 1 | STEVEN MYRHE<br>Acting United States Attorney |
| 2 | ALEXANDRA MICHAEL<br>SUSAN CUSHMAN |
| 3 | Assistant United States Attorneys<br>501 Las Vegas Blvd. South, Ste. 1100 |
| 4 | Las Vegas, Nevada 89101<br>(702) 388-6585 / Fax (702) 388-6698 |

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| UNITED STATES OF AMERICA, | Case No. 2:15-cr-071-JAD-GWF |
|---|---|
| Plaintiff | **AFFIDAVIT IN SUPPORT OF A MATERIAL WITNESS ARREST WARRANT** |
| vs. | |
| ROBERT DEVELL KINCADE, | |
| Defendant | **(Under Seal)** |

### INTRODUCTION AND BACKGROUND OF AFFIANT

1. I, Henry W. Schlumpf, Special Agent, Federal Bureau of Investigation (FBI), having been duly sworn, hereby depose and say:

2. Your Affiant is a Special Agent with the Federal Bureau of Investigation (FBI), and has been so employed for twenty-three (23) years. Currently, the Affiant is assigned to the Las Vegas Field Office and is responsible for investigating violent crimes, to include, but not limited to bank robberies, Hobbs Act violations, extortions, and kidnapings.

3. Your Affiant has been involved in an investigation which is the subject of this affidavit. Due to my personal participation in this investigation and reports made to me by other FBI Agents, Federal Task Force Officer and Officers of the Las Vegas Metropolitan Police, your Affiant is familiar with the facts and circumstances surrounding the investigation. Your Affiant's training and experience as a Special Agent, including participation in this investigation, form the basis for opinions

1

and conclusions set forth below. While your Affiant has participated in the below described investigation, your Affiant has not provided every fact known to him within this affidavit. Rather, your Affiant has included only those facts necessary to establish probable cause in support of the search warrants requested herein.

4. This affidavit is made in support of the government's request for a material witness designation and arrest warrant, pursuant to Title 18, United States Code, Section 3144, for CRYSTAL VELA, (hereinafter referred to as "VELA"). VELA is a material witness in the pending case of *United States v. Robert Devell Kincade*, 2:15-cr-071-JAD-GWF, which is set for trial before the Honorable Jenifer Dorsey on May 23, 2017, in the District of Nevada. The following information is also being provided to show that it may be impractical to secure VELA's testimony at trial in this case by means of a subpoena.

## FACTS ESTABLISHING PROBABLE CAUSE

5. On June 09, 2015, VELA was interviewed at the Florence McClure Women's Correctional Center in Las Vegas, where she was incarcerated. VELA provided valuable information needed as testimony in the instant case.

6. Your Affiant personally served witness VELA on September 13, 2016, in Reno, Nevada. At the time I personally served VELA, I advised her that she would either to have call the victim/witness coordinators at the United States Attorney's Office to determine precisely when she needed to appear for trial, or, if she did not do that, she needed to personally appear at the Lloyd D. George Courthouse at 9:00 a.m. on November 09, 2016, the date and time stated on the subpoena. VELA indicated that she understood. VELA was advised that she could be arrested for not complying with the subpoena.

7. VELA subsequently showed the subpoena to her probation officer in order to get permission to travel to Las Vegas for the trial. The probation officer made a written report regarding

| | |
|---|---|
| 1 | VELA receiving the subpoena. |
| 2 | 8.    Robert Devell Kincade's trial was rescheduled for May 23, 2017, and another |
| 3 | subpoena was issued for VELA. On May 19, 2017, telephonic contact was made with VELA, who |
| 4 | was now living in Las Vegas. VELA advised that she was busy but would be able to meet with your |
| 5 | Affiant in two hours, in order to be served. VELA failed to keep this appointment, and since the |
| 6 | first telephonic contact, has failed to return text or phone messages made to both of her cellular |
| 7 | telephones. It was later learned, through VELA's roommate, that shortly after speaking to your |
| 8 | Affiant, VELA returned to her residence, packed some belongings, and then was picked up by |
| 9 | unknown associates and departed. VELA has not returned to her residence or contacted her |
| 10 | roommate since this time. |
| 11 | 9.    VELA's presence is material to the instant case because the witness can testify to |
| 12 | several key points. First, VELA will testify that she met with the defendant, Robert Devell Kincade, |
| 13 | and his girlfriend, and his co-defendant, in Reno, Nevada, in November 2014, at the time they |
| 14 | robbed the Wells Fargo Bank there, and that she had gone into the bank shortly before the robbery, |
| 15 | and had purchased clothing at Walmart shortly before the robbery. |
| 16 | 10.    Your Affiant certifies that the testimony of VELA is critical to the pending prosecution |
| 17 | of Robert Devell Kincade and that she will be called as a government witness in his trial. As such, |
| 18 | she is a material witness within the meaning of Title 18, United States Code, Section 3144. |
| 19 | ... |
| 20 | ... |
| 21 | ... |
| 22 | ... |
| 23 | ... |
| 24 | |

## CONCLUSION

11. Based upon the information set forth above and my training and experience, there is probable cause to believe that the testimony of CRYSTAL VELA is material to the trial of *United States v. Robert Devell Kincade*, 2:15-cr-071-JAD-GWF, and that it may be impracticable to secure her appearance at trial by subpoena.

/s/ Henry W. Schlumpf
Henry W. Schlumpf, Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me
This 24th day of May, 2017.

_____
HONORABLE JENNIFER DORSEY
UNITED STATES DISTRICT COURT JUDGE